Esther R. **KOCIEMBA** and William J. **Kociemba, Plaintiffs,**

v.

**G. D. SEARLE & CO., Defendant.**

Civ. No. 3-85-1599.

United States District Court,
D. Minnesota,
Third Division.

Feb. 11, 1988.

Michael V. Ciresi, Roger P. Brosnahan, David L. Suggs, Roberta Walburn of Rob-

ins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiffs.

Michael Berens, Madge S. Thorsen, Paula D. Osborn of Oppenheimer, Wolff & Donnelly, Minneapolis, Minn. and Paul Strain of Venable, Baetjer & Howard, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

RENNER, District Judge.

Before the Court is defendant's motion in limine, pursuant to Fed. R. Evid. 402, 403 and 407, to exclude evidence of 1) subsequent remedial measures; 2) potential adverse reactions to Cu–7 use other than those associated with infection; 3) post–1977 conduct; and 4) conduct irrelevant to punitive damages. On October 23, 1987, the Court held a hearing on the matter and took it under advisement.

Defendant, by the instant motion, seeks a blanket exclusion for evidence fitting into one of four general categories. This Court refuses to grant such a blanket exclusion. Instead, each piece of evidence must be evaluated on its own merits. Accordingly, the Court will only rule on the two issues briefed and argued by the parties: 1) the admissibility of an FDA mandated warning required after November 7, 1977; and 2) a 1986 Cu–7 discontinuance announcement.

## I. THE NOVEMBER 7, 1977 WARNING

■ In February, 1974, defendant received FDA approval to manufacture and distribute the Cu–7. At that time, the FDA also approved the physicians' warning accompanying the Cu–7. The approved warning did not mention that Pelvic Inflammatory Disease ("PID") is a risk associated with Cu–7 use.

In July, 1975, the FDA published proposed rules to establish new warnings for all IUDs. 40 Fed. Reg. 27,796 (1975) (to be codified at 21 C.F.R. § 310.502) (proposed July 10, 1975). The final FDA regulation, published in the Federal Register on May 10, 1977, required a specific warning on PID risk. 42 Fed. Reg. 23,772 (1977) (to be condified at 21 C.F.R. § 310.502). The reg-

ulation took effect on November 7, 1977. 21 C.F.R. § 310.502 (1977).

Esther Kociemba received her Cu–7 on June 6, 1977—less than one month after the regulation was promulgated and four months prior to its effective date. Kociemba's Cu–7 was removed in November, 1978 —approximately one year after the regulation took effect.

Defendant seeks to exclude the Cu–7 warning required after November 7, 1977 ("November warning") pursuant to Fed. R. Evid. 407. That rule provides:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R.Evid. 407.

The explicit language of the rule provides that evidence be excluded only if the remedial measures are taken *subsequent* to the event in question. Defendant contends that the November warning should be excluded, pursuant to Fed. R. Evid. 407, because the new warnings were not used until after plaintiff's injury. The Court disagrees.

The November warning has its genesis in a federal regulation promulgated on May 10, 1977—nearly one month before plaintiff received her Cu–7. As of May 10, 1977, defendant was fully aware that a new "remedial" warning, requiring specific reference to an association between PID and the Cu–7, would soon be required. Common sense dictates that the Fed. R. Evid. 407 is inapplicable in instances where a federal regulation mandating a remedial change was promulgated prior to a plaintiff's injury.

This holding is consistent with social policy considerations underlying Rule 407. The rule's purpose is to encourage tortfeasors to undertake corrective measures

on potentially dangerous conditions without fear that subsequent remedial actions will be used as evidence that the tortfeasors' prior actions were negligent. *Gauthier v. AMF, Inc.*, 788 F.2d 634, 636, *amended* 805 F.2d 337 (9th Cir.1986); *DeLuryea v. Winthrop Laboratories*, 697 F.2d 222, 227–228 (8th Cir.1983). This policy rationale simply does not apply here.

The policy consideration that a tortfeasor will be discouraged from making a subsequent remedial change is inapplicable when the determination to make the change is made prior to a plaintiff's injury. This is especially true, here, where the federal government required Searle to change warnings. As dicta in *Hearndon v. Seven Bar Flying Service, Inc.*, 716 F.2d 1322, 1331 (10th Cir.1983), *cert. denied, sub nom Piper Aircraft Corp. v. Seven Bar Flying Service Inc.*, 466 U.S. 958, 104 S.Ct. 2170, 80 L.Ed. 553 (1984) suggests:

> where a superior authority requires a tort feasor to make post-accident repairs, the policy of encouraging voluntary repairs which underlies Rule 407 has no force—a tort feasor can not be discouraged from voluntarily making repairs if he *must* make repairs in any case.

Id. at 1331. *See also Rozier v. Ford Motor Company*, 573 F.2d 1332, 1343 ("Invoking [the policy of Rule 407] to justify exclusion is particularly inappropriate since the estimate was prepared not out of sense of social responsibility but because the remedial measure was to be required ... by a superior authority.")

The Court's holding that Fed. R. Evid. 407 is inapplicable is also consistent with cases, cited by defendant, which refuse to apply Fed. R. Evid. 407 when a non-defendant made the subsequent remedial changes. *Koonce v. Quaker Safety Products & Mfg.*, 798 F.2d 700, 720 (5th Cir.1986); *Middleton v. Harris Press and Shear, Inc.*, 796 F.2d 747, 752 (5th Cir.1986). In both *Koonce* and *Middleton*, the courts cited the policy considerations of Fed. R. Evid. 407 to hold that the rule only applies in circumstances where the defendant made the subsequent remedial change. These cases are analagous here because the defendant changed the warning only after the federal government *required* it to do so.

Accordingly, for this reason and the reasons stated above, Fed. R. Evid. 407 does not bar admission of the November warning. The Court also rejects defendant's argument that Fed. R. Evid. 403 bars admission of the November warning.

The regulation and subsequent warning are clearly probative to plaintiff's case. They demonstrate the state of medical knowledge at the time plaintiff received her Cu–7. They also show that Searle had notice of that medical knowledge and that there was a feasible alternative warning prior to plaintiff's injury. This evidence outweighs any potential prejudice that the court, at this time, anticipates defendant will suffer.

Defendant, as moving party, has the burden to show that Rule 403 is necessary here. It has not done so. Accordingly, for this reason, and the reasons stated above, the Court denies defendant's motion to exclude the November, 1977 warning.

## II. 1986 DISCONTINUANCE OF THE Cu–7

On January 31, 1986, Searle discontinued manufacturing and distribution of the Cu–7 in the United States. Searle cited the escalating cost of defending unwarranted product liability litigation and the unavailability of product liability insurance as the primary reasons for the discontinuance. The FDA still approved the Cu–7 as a safe and effective drug at the time it was discontinued.

Defendant seeks to exclude evidence of the discontinuance announcement as irrelevant to any material issue. Alternatively, defendant, citing Fed. R. Evid. 403, argues that even if the discontinuance is relevant, the risk the factfinder would unfairly use such evidence as an admission of liability substantially outweighs the evidence's probative value. The Court agrees. *In Re Richardson–Merrill Inc. Bendictin Products*, 624 F.Supp. 1212, 1239 (S.D. Ohio 1985).

In *In Re Richardson–Merrill, Inc. Bendictin Products*, the court addressed the

same issue currently before this Court. In that case, the court held that defendant's discontinuance of the drug Bendictin was irrelevant as to whether the drug was defective. The court further held that even if relevant, the evidence should be excluded on Fed. R. Evid. 403 grounds. *Id.* at 1239. Plaintiff's argument to the contrary is unconvincing.

Consequently, defendant's motion is granted to the extent that references to Searle's discontinuance announcement of the Cu–7 are inadmissible in plaintiffs' case-in-chief.

### ORDER

Based on the foregoing, and of the review of the entire file and record, IT IS HEREBY ORDERED that defendant's motion to grant a blanket exclusion of unspecified evidence is denied.

IT IS FURTHER ORDERED that defendant's motion to exclude the November, 1977 warning is denied.

IT IS FURTHER ORDERED that defendant's motion to exclude the 1986 Cu–7 discontinuance announcement is granted.