**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Farzad Moayed FARZANEH, Defendant and Appellant.**

**Cr. No. 900275.**

Supreme Court of North Dakota.

April 18, 1991.

Lanier, Knox and Olson, Fargo, for defendant and appellant; argued by Kenneth A. Olson.

Constance L. Cleveland (argued), Asst. States Atty., Fargo, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Farzad M. Farzaneh appeals his conviction on three counts of Class C Felony Burglary. All of the convictions are from a jury trial held on April 17, 1990, in the District Court for the East Central Judicial District. Farzaneh contends that the district court erred in allowing the State to utilize evidence of a prior felony conviction to impeach Farzaneh, and further erred in denying Farzaneh's request for an additional jury instruction concerning the definition of voluntariness. We affirm.

Farzaneh was charged with three separate burglaries, all of which occurred at Roger's Sandwich Shop located in Fargo, North Dakota. Farzaneh does not challenge the sufficiency of the evidence. Instead, Farzaneh seeks a new trial for the following reasons: 1) the district court erred in allowing evidence of a prior conviction to be used to impeach Farzaneh's credibility; 2) the district court erred in denying Farzaneh's requested jury instruction relating to the definition of voluntariness.

Farzaneh contends that, at trial, two conflicting versions of the facts were devel-

oped. One version of the facts was advanced by Farzaneh indicating his innocence, while another version was advanced by the State indicating his guilt. Because of these conflicting versions of the facts, Farzaneh asserts that his credibility was critical to his defense.

■ At the close of the State's cross-examination of Farzaneh, the State introduced evidence of a prior conviction to impeach Farzaneh's credibility. Farzaneh asserts the evidence of the prior conviction should not have been allowed under N.D. R.Ev. 609(c) which reads:

"RULE 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME

\* \* \* \* \* \*

(c) *Effect of Pardon, Annulment, or Certificate of Rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction is vacated or has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted,* and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence. [Emphasis added.]"[1]

Farzaneh argues that his prior conviction was the subject of a certificate of rehabilitation, or its equivalent, and therefore

could not be used as evidence for impeachment under Rule 609(c). He claims the following order, issued by the Minnesota District Court for the Seventh District, constitutes a certificate of rehabilitation:

"IT IS ORDERED that Farzad Moayed Farzaneh is hereby discharged from probation, restored to all his civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place. This does not entitle this person to ship, transport, possess or receive a firearm until 10 yrs. have elapsed since restoration of civil rights and during that time this person was not convicted of any other crimes of violence."

■ The language of the Minnesota District Court's order is nearly identical to the Minnesota statute which governs the restoration of civil rights after a conviction which reads:

"*609.165. Restoration of civil rights*

Subdivision 1. When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall *restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place,* and the order of discharge shall so provide. [Emphasis added.]"

Minn.Stat.Ann. § 609.165. Upon comparing the order with the above statutory pro-

---

**1.** Unless part (c) is applicable, the use of the Minnesota conviction of theft by check, a felony punishable by 5 years imprisonment in Minnesota, was proper under Rule 609(a):

"RULE 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME

"(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime must be admitted but only if the crime (i) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the defendant, or (ii) involved dishonesty or false statement, regardless of the punishment."

The evidence of the Minnesota conviction of theft by check was admissible either under part i or ii. As we have noted in footnote 3, the mere reclassification of Farzaneh's offense to a misdemeanor does not alter the application of Rule 609(a) concerning prior felony convictions. *See infra,* note 3. We have previously discussed what constitutes "dishonesty or false statement" under Rule 609(a)(ii). *See State v. Eugene,* 340 N.W.2d 18 (N.D.1983). "Writing a bad check with intent to defraud clearly involves 'dishonesty or false statement' and would be admissible under Rule 609(a)(2) [Federal Rules of Evidence]." *U.S. v. Livingston,* 816 F.2d 184, 190 (5th Cir.1987) (citing *Petty v. Ideco,* 761 F.2d 1146, 1152 (5th Cir.1985)).

vision, we believe the order was limited to restoring Farzaneh's civil rights.[2]

■ Although we are not bound by the interpretation of federal rules by the federal courts in construing our state rules, we have consistently deemed it appropriate to consider federal interpretations when the state procedural rule under consideration is substantially the same as the federal rule. *State v. Forsland*, 326 N.W.2d 688, 692 (N.D.1982). We have previously noted:

"North Dakota Rule 609, although taken from the Uniform Rules of Evidence (1974), is quite similar to its counterpart in the Federal Rules of Evidence. This is so because the Uniform Rules of Evidence were conformed to the Federal Rules of Evidence for purposes of uniformity between State and Federal evidence law. Thus, the provisions of each are almost identical. 13 Uniform Rules of Evidence (U.L.A.) pp. 209–13."

*State v. Eugene*, 340 N.W.2d 18, 31 (N.D. 1983). Because of the similarities between our rule and the federal rule, we find it prudent to consider federal precedent on this issue.

An order which is limited to the restoration of civil rights is not deemed sufficient by the federal courts to show rehabilitation under Federal Rule of Evidence 609(c).

*See Wilson v. Attaway*, 757 F.2d 1227, 1244 (11th Cir.1985); *United States v. Jones*, 647 F.2d 696, 700 (6th Cir.1981), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). *See generally* 10 J. Moore & H. Bendix, Moore's Federal Practice, § 609 et. seq. (2nd ed.1988); 3 J. Weinstein & M. Berger, Weinstein's Evidence § 609 et. seq. (1990).

■ After reviewing the order of the Minnesota District Court, and comparing it with the Minnesota statute governing the restoration of civil rights, and construing Rule 609(c) N.D.R.Ev. as the federal courts construe the equivalent federal rule, we conclude that the order was limited to restoring Farzaneh's civil rights. Because the restoration of civil rights alone is not enough to establish rehabilitation, the district court was not required to exclude the evidence of the prior Minnesota conviction under Rule 609(c)(1), if the court determined that the probative value of admitting the evidence outweighed its prejudicial effect to Farzaneh, or if the evidence was admissible under Rule 609(a)(ii). We conclude that under subparts (a)(i) or (a)(ii) the district court did not err in allowing evidence of Farzaneh's prior conviction to be used by the State for impeachment pur-

---

**2.** The Minnesota Supreme Court has not officially adopted the comments to its rules of evidence. However, the guidance provided by the comment to Minn.R.Evid. 609(c) indicates that an order to restore civil rights pursuant to Minnesota Statute Annotated § 609.165 would not bar evidence of the underlying conviction for impeachment purposes. The comment to Minn.R.Evid. 609(c) reads:

"Subdivision (c)
"The rule is predicated on the assumption that if the conviction has been 'set aside' for reasons that suggest rehabilitation, the probative value of the conviction on the issue of credibility is diminished. For example, pardons pursuant to Minn. Const. art. 5, § 7 (restructured 1974), or Minn.Stats. § 638.02 (1974) would operate to make a prior conviction inadmissible as would a vacation of the conviction or subsequent nullification pursuant to Minn.Stats. §§ 609.166–168 (1974), or Minn.Stats. § 242.01 et seq. (1974). *A restoration of civil rights, which does not reflect findings of rehabilitation would not qualify under the rule. See Minn.Stats. § 609.165 (1974).* [Emphasis added.]"

Under our law, an order restoring civil rights would not be required. See section 12.1–33–02, N.D.C.C., which reads:

"*12.1–33–02. Rights retained by convicted person.* Except as otherwise provided by law, a person convicted of a crime does not suffer civil death or corruption of blood or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, personal, civil, and otherwise, including the right to hold public office or employment; to vote; to hold, receive, and transfer property; to enter into contracts; to sue and be sued; and to hold offices of private trust in accordance with law."

The above statute is, however, subject to the provisions of section 12.1–33–01, N.D.C.C., the pertinent part of which reads:

"*12.1–33–01. Rights lost.*
1. A person sentenced for a felony to a term of imprisonment, *during the term of actual incarceration under such sentence, may not:*
a. Vote in an election; or
b. Become a candidate for or hold public office.
[Emphasis added.]"

poses during cross-examination of Farzaneh.[3]

Farzaneh also contends that the district court erred by refusing to allow his requested jury instruction concerning the definition of voluntariness. Evidence was admitted during the trial relating to a "confession" given by Farzaneh. The jury was instructed that the "confession" could not be used against Farzaneh unless he had made the "confession" freely and voluntarily.[4] Farzaneh asserts that specific instruc-

---

**3.** An additional notation on the order provided by the Minnesota District Court reads: "This conviction deemed to be for a misdemeanor by virtue of MS 609.13." The Minnesota Court of Appeals has recently considered the effect of reducing a felony conviction to a misdemeanor in conjunction with Rule 609. *See State v. Skramstad,* 433 N.W.2d 449, 452 (Minn.App. 1988). In *Skramstad,* the Minnesota Court of Appeals held that for impeachment purposes relating to Rule 609, it is proper for the trial court to consider the original classification of the conviction and not a subsequent alteration of that classification. *Id.* We construe our law similarly, *see* 12.1–32–02(10), N.D.C.C., which reads:

"A person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment and any term of probation imposed as part of the sentence."

We think this is a reasonable construction in light of 12.1–32–02(4), N.D.C.C., which reads:

"A court, upon application or its own motion, may defer imposition of sentence. The court must place the defendant on probation during the period of deferment. An order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment. *In any subsequent prosecution, for any other offense, the prior conviction for which imposition of sentence is deferred may be pleaded and proved, and has the same effect as if probation had not been granted or the information or indictment dismissed under section 12.1–32–07.1.* [Emphasis added.]"

Although Farzaneh has not made this argument, from a mere reading of Rule 609(c)(1), in isolation, it might reasonably be argued that if the conviction were vacated, that alone would prohibit the use of the conviction for impeachment purposes. We believe that, notwithstanding the use of the first disjunctive (or), the phrase requiring a finding of the rehabilitation of the person convicted applies to all that precedes it. Furthermore, although our Court rules may supersede purely procedural statutes under Article VI, Section 3 of our State Constitution, *S.H. v. Petersen,* 401 N.W.2d 694, 699, n. 5 (N.D.1987), if we intend such a result, we normally so indicate in the explanatory note to the rule that is in conflict with a statute.

**4.** The instruction to the jury concerning Farzaneh's confession read:

"*STATEMENTS, CONFESSIONS, AND ADMISSIONS*

"Testimony has been received in this case concerning certain statements made by the Defendant out of court and before trial as to his involvement in the commission of the crime charged. A statement by the Defendant acknowledging all of the material facts constituting the crime charged is a 'confession.' A statement by the Defendant implicating him in the crime charged but not involving an acknowledgement of all the material facts constituting the crime charged is an 'admission.'

"Any incriminating statement, whether a confession or an admission, made by any person charged with crime in a court of this state, which was obtained by duress, fraud, threat, or promise, is not admissible in evidence against him in a criminal action. Accordingly, *you must not consider that testimony as evidence of guilt of the crime charged, unless you are convinced beyond a reasonable doubt that the statement made by the Defendant was made freely and voluntarily.* [Emphasis added.]

"In determining whether a statement by the Defendant was made freely and voluntarily, you should consider all the evidence in the case regarding the circumstances under which the statement was made.

"Additionally, the determination of voluntariness of a confession or admission involves a totality of the circumstances test in which you are free to consider all of the circumstances including the past history, education, intelligence, physical condition and circumstances of the Defendant at the time the statement was given."

"*LIMITATIONS ON STATEMENTS BY DEFENDANT*

"Furthermore, you have no right to consider, except to impeach the Defendant, an incriminating statement made by the Defendant without the benefit of legal counsel in response to interrogation by the authorities having him in custody or depriving him of his freedom of action, or any evidence obtained as a result of that interrogation, unless the evidence establishes:

(1) That the authorities had informed the Defendant (a) of his right to remain silent, (b) that any statement made by the Defendant would be used against him in a court of law, (c) that he had the right to consult with a lawyer before answering any questions or making any statement and to have a lawyer present during the interrogation, (d) that if he could not afford a lawyer, one would be appointed for him before questioning or at any time during questioning, if he so desired, and

tion on the definition of voluntariness should also have been provided to the jury.[5]

■ We have previously said that the trial court is not required to instruct the jury in the specific language requested by the defendant even though it is a correct statement of the law. *State v. Erban*, 429 N.W.2d 408, 413 (N.D.1988); *State v. White*, 390 N.W.2d 43, 45 (N.D.1986); *State v. Dilger*, 338 N.W.2d 87 (N.D.1983). All that is required is that the jury be fairly informed of the applicable law. *Erban*, 429 N.W.2d at 414; *State v. Dachtler*, 318 N.W.2d 769, 774 (N.D.1982).

■ After comparing the instructions given to the jury with the instruction requested by Farzaneh, the texts of which are contained in the footnotes, we are convinced that the instructions given to the jury correctly and fairly informed the jury of the applicable law. Therefore, we conclude that it was not reversible error for the district court to deny the additional instruction on voluntariness.

For the reasons stated herein the judgment of conviction is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

(e) that if he answers questions or makes any statement without consulting a lawyer or without having a lawyer present during questioning, he would still have the right to stop answering questions or making any statement until he could consult with a lawyer or have a lawyer present during further questioning;
(2) That the Defendant, before making the statement and having an intelligent appreciation of his rights, knowingly, voluntarily, and expressly waived his right to remain silent and his right to legal counsel; and
(3) That opportunity to exercise these rights was afforded to the Defendant throughout the interrogation."

5. Farzaneh's requested jury instruction on the question of voluntariness read:

"Under the law of confessions and admissions, voluntary is defined in this test: Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, it may not be used against him."