2002 ND 16

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Alfred R. RANDALL, Defendant and Appellant.**

**No. 20000325.**

Supreme Court of North Dakota.

Feb. 19, 2002.

Richard J. Riha, State's Attorney, and Cynthia M. Feland (argued), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Robert W. Martin, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Alfred Randall appealed from a South Central Judicial District Court conviction for the attempted murder of Terry Davenport. We affirm.

I

[¶ 2] On December 29, 1999, law enforcement officers from the Burleigh County Sheriff's Department received a call from the Davenport residence reporting a shooting. At the scene, the officers found Davenport who had been shot in his lower abdomen. Randall was identified as the shooter and was arrested and charged with attempted murder.

[¶ 3] At trial, Randall's tape-recorded admissions to law enforcement officers were admitted into evidence. In these admissions, Randall argued he either acted in self-defense or the shooting was accidental. On cross-examination of Davenport, Randall's counsel attempted to question Davenport about his seventeen prior convictions. The State objected, and further argument was heard in chambers.

[¶ 4] During the in-chambers hearing, the State conceded to the admission of Davenport's two forgery convictions and his conviction for theft by deception. However, the State argued Davenport's fourteen other convictions should not be admitted because they did not involve dishonesty or false statement. Of the fourteen remaining convictions, the trial court admitted three and excluded the other eleven under N.D.R.Ev. 609(a)(i). Thus, the court admitted six of Davenport's seventeen prior convictions, including a 1993 conviction for forgery, a 1994 conviction for forgery, a 1995 conviction for burglary, a 1995 conviction for theft, a 1998 conviction for theft, and a 1998 conviction for issuing checks without an account. Randall was convicted of the attempted murder of Davenport and appealed.

## II

[¶ 5] On appeal, Randall argues the trial court erred in excluding eleven of Davenport's seventeen prior convictions. We review a trial court's ruling under N.D.R.Ev. 609 under the abuse of discretion standard. *See State v. Eugene*, 536 N.W.2d 692, 695 (N.D.1995). "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Myer v. Rygg*, 2001 ND 123, ¶ 8, 630 N.W.2d 62. The

convictions excluded by the trial court included two convictions for burglary, eight convictions for breaking into a motor vehicle, and one conviction for conspiracy to commit breaking into a motor vehicle. Randall does not contend any of these eleven convictions constitute crimes involving dishonesty or false statement; therefore, N.D.R.Ev. 609(a)(ii) is not at issue in this case. *See* N.D.R.Ev. 609(a)(ii) ("[E]vidence that any witness has been convicted of a crime must be admitted if it involved dishonesty or false statement, regardless of the punishment."). At issue in this case, is whether the trial court abused its discretion in excluding Davenport's prior convictions under N.D.R.Ev. 609(a)(i). Rule 609(a)(i), N.D.R.Ev., provides,

> For the purpose of attacking the credibility of a witness, (i) evidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused.

We have previously addressed the admissibility of conviction evidence offered by the State under N.D.R.Ev. 609(a)(i) to impeach a defendant in a criminal case, *see, e.g., State v. Murchison*, 541 N.W.2d 435, 442 (N.D.1995); *State v. Eugene*, 536 N.W.2d 692, 695 (N.D.1995). However, we have never directly addressed the admissibility of conviction evidence offered by a defendant in a criminal prosecution to impeach a witness for the State. *See, e.g., State v. Neufeld*, 1998 ND 103, ¶ 25, 578 N.W.2d 536 (impeachment using alleged victim's prior drug use that did not result in a conviction not allowed); *State v. Overby,*

497 N.W.2d 408, 413 (N.D.1993) (impeachment of confidential informant using prior drug sale that did not result in a conviction not allowed); *State v. Moran,* 474 N.W.2d 77, 78 (N.D.1991) (impeachment of alleged victim using an alleged assault that did not result in a conviction not allowed). Because of the similarities between N.D.R.Ev. 609 and Rule 609 of the Federal Rules of Evidence, we consider federal precedent interpreting Rule 609 persuasive. *See State v. Farzaneh,* 468 N.W.2d 638, 641 (N.D.1991).

### III

[¶ 6] Rule 609 of the Federal Rules of Evidence allows evidence of a witness's prior convictions to be admitted for the purpose of attacking the witness's credibility. *See* Fed.R.Evid. 609. Evidence admitted under Rule 609 serves no purpose other than to impeach a witness. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments ("[T]he title of the rule, its first sentence, and its placement among the impeachment rules clearly establish that evidence offered under Rule 609 is offered only for purposes of impeachment."). Thus, inherent in Rule 609(a) is an acknowledgment that prior convictions are probative of a witness's credibility. *See U.S. v. Burston,* 159 F.3d 1328, 1335 (11th Cir.1998); *see also Cummings v. Malone,* 995 F.2d 817, 826 (8th Cir.1993) ("Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."). The types of convictions admissible to impeach witnesses and the extent of discretion trial courts have to exclude evidence of prior convictions have been subjects of great debate. *See* 28 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6131, at 142 (1993).

[¶ 7] The 1969 Preliminary Draft of Rule 609 allowed all felony convictions and all convictions for crimes involving dishonesty or false statements to be admitted for the impeachment of any witness. *See* Wright & Gold, *supra,* § 6131, at 143. It did not distinguish between accused persons and other witnesses and provided no provision for exclusion of convictions for unfair prejudice. *See id.* Additionally, the Advisory Committee's Notes to the Preliminary Draft suggested convictions admissible under Rule 609(a) would be immune from exclusion under Rule 403 of the Federal Rules of Evidence. *See* Wright & Gold, *supra,* § 6131, at 143.

[¶ 8] The Preliminary Draft was sharply criticized by scholars for its failure to give trial courts any power to exclude even highly prejudicial convictions. *See id.* at 145. The drafters responded to this criticism by revising the Preliminary Draft to add a provision which provided for the exclusion of conviction evidence when its probative value is substantially outweighed by the danger of unfair prejudice. *See id.* Some members of Congress, however, sharply disagreed with the revision made to the Preliminary Draft. *See id.* at 149. Thus, before submitting Rule 609 to Congress, the drafters removed the provision giving trial courts discretion to exclude prejudicial convictions, and the Preliminary Draft was submitted in its original form. *See id.*

[¶ 9] Once in Congress, Rule 609 was again the subject of vigorous debate. *See id.* at 153–65. As before, this debate focused on the types of convictions admissible to impeach a witness and a trial court's discretion to exclude prejudicial convictions. *See id.* Eventually a compromise on these issues was reached, and Rule 609(a) was enacted. *See id.* at 165–66. As originally enacted, Rule 609(a) provided:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Wright & Gold, *supra*, § 6131, at 166 n. 42 (quoting Fed.R.Evid. 609(a)).

[¶ 10] Despite the level of debate preceding its enactment, Rule 609(a) remained ambiguous with respect to impeachment of a witness other than a criminal defendant. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments. The Supreme Court resolved this ambiguity in *Green v. Bock Laundry Machine Co.*, by holding trial courts could only consider prejudice to a defendant in a criminal prosecution when determining whether to exclude convictions for prejudice under Rule 609(a). *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 525–26, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). Furthermore, the Supreme Court concluded evidence otherwise admissible under Rule 609(a) could not be excluded under Rule 403. *See id.* The 1990 amendments to Rule 609(a) were a direct response to this decision. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments (citing *Green*, 490 U.S. 504, 109 S.Ct. 1981).

█ [¶ 11] As amended in 1990, Rule 609(a) provides:

For purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed.R.Evid. 609(a) (2001). The 1990 amendments made no substantive changes to Rule 609(a)(2). *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments. Thus, evidence that any witness, including a defendant in a criminal case, has been convicted of a crime involving dishonesty or false statement must be admitted. *See id.* A trial court has no discretion to exclude such evidence under Rule 609 or under Rule 403. *See id.* The 1990 amendments did, however, make substantive changes to Rule 609(a)(1). *See id.*

[¶ 12] Prior to the 1990 amendments, Rule 609(a)(1) provided only one balancing test for trial courts to apply when determining whether to exclude evidence of prior convictions offered for impeachment purposes. *See* Wright & Gold, *supra*, § 6131, at 166 n. 42 (quoting Fed.R.Evid. 609(a)). As discussed earlier, the Supreme Court interpreted this test to apply only when convictions were offered to impeach a defendant in a criminal prosecution. *See Green*, 490 U.S. at 525–26, 109 S.Ct. 1981. The 1990 amendments to Rule 609 provided trial courts with two distinct balancing tests to apply when determining whether to allow impeachment by prior convictions which do not involve dishonesty or false statement. *See* Victor Gold, *Impeachment by Conviction Evidence:*

*Judicial Discretion and the Politics of Rule 609,* 15 Cardozo L.Rev. 2295, 2322 (1994). Which balancing test applies, depends on the identity of the witness. *See id.*

[¶ 13] When a conviction is offered under Rule 609, to impeach a witness who is the defendant in a criminal prosecution, a trial court must apply the special balancing test found within Rule 609(a)(1) itself. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments (stating that the 1990 amendments did not "disturb the special balancing test for the criminal defendant who chooses to testify"). Under this balancing test, evidence of the prior conviction "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R.Evid. 609(a)(1). The special balancing test of Rule 609(a)(1) only applies to a criminal defendant because a criminal defendant faces the unique risk that juries will use prior convictions as evidence of the defendant's propensity to commit crime, rather than considering the convictions for impeachment purposes only. *See* Fed. R.Evid. 609 advisory committee's notes to 1990 amendments. Because of this unique risk, Rule 609(a)(1) favors excluding rather than admitting the prior felony convictions of a witness who is an accused. *See* 3 Stephen A. Saltzburg, et al., *Federal Rules of Evidence Manual* § 609.02[2] (8th ed.2002). Therefore, under the special balancing test of Rule 609(a)(1), the burden is on the prosecution to show that the probative value of the conviction outweighs its prejudicial effect. *See* Gold, *supra,* at 2322; *see also* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments ("Although the rule does not forbid all use of convictions to impeach a defendant, it requires that the government show that the probative value of convictions as im-

peachment evidence outweighs their prejudicial effect.").

[¶ 14] When convictions are offered to impeach any witness other than an accused in a criminal prosecution, the special balancing test of Rule 609(a)(1) does not apply. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments. Rather, "the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant." *See id.; see also U.S. v. Fawley,* 137 F.3d 458, 473 (7th Cir.1998) (stating that Rule 609(a)(1) offers wider latitude in the impeachment of a witness who is not an accused). The 1990 amendments to Rule 609, therefore, reject the proposition that Rule 609 prohibits trial courts from excluding unduly prejudicial convictions offered to impeach prosecution witnesses. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments. However, because "[t]he probability that prior convictions of an ordinary government witness will be unduly prejudicial is low in most criminal cases," *see* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments, trial courts should rarely exclude convictions offered to impeach prosecution witnesses, *see* Gold, *supra,* at 2327. As the Advisory Committee's Notes to the 1990 amendments of Rule 609 explain:

Since the behavior of the witness is not the issue in dispute in most cases, there is little chance that the trier of fact will misuse the convictions offered as impeachment evidence as propensity evidence. Thus, trial courts will be skeptical when the government objects to impeachment of its witness with prior convictions. *Only when the govern-*

*ment is able to point to a real danger of prejudice that is sufficient to outweigh substantially the probative value of the conviction for impeachment purposes will the conviction be excluded.* See Fed.R.Evid. 609 advisory committee's notes to 1990 amendments (emphasis added). Therefore, when a defendant offers evidence of prior convictions to impeach a prosecution witness, such evidence shall be admitted under Rule 609(a)(1), unless the prosecution meets its burden of showing the probative value of the convictions is substantially outweighed by the danger of unfair prejudice under Rule 403. *See* Gold, *supra*, at 2322;

[¶ 15] Placing this burden on the prosecution is consistent with our construction of N.D.R.Ev. 403 in *State v. Zimmerman*, 524 N.W.2d 111, 115 (N.D.1994). Rule 403, N.D.R.Ev., provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In *Zimmerman*, we recognized that a trial court should sparingly exercise its power to exclude evidence under Rule 403. *See* 524 N.W.2d at 115. In determining whether to exclude evidence under Rule 403, courts should " 'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' " *See id.* (quoting 1 Jack B. Weinstein and Margaret A. Berger, *Weinstein's Evidence* ¶ 403[03], pp. 403–49, 403–51 (1994)). "Generally, any doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay, or waste of time, should be resolved in favor of admitting the evidence, taking necessary precautions by way of contemporaneous instructions to

the jury followed by additional admonition in the charge." *Id.* Therefore, the burden is on the objecting party to show that relevant evidence should be excluded under Rule 403. *See Kociemba v. G.D. Searle & Co.*, 683 F.Supp. 1579, 1581 (D.Minn.1988). It follows, when a defendant in a criminal case offers evidence otherwise admissible under N.D.R.Ev. 609(a)(i), the burden is on the prosecution, as the objecting party, to show that the probative value of the conviction evidence is substantially outweighed by the danger of unfair prejudice under N.D.R.Ev. 403. *See Campbell v. Greer*, 831 F.2d 700, 705 (7th Cir.1987) (noting that under Rule 403, the party opposing the use of conviction evidence has the burden to persuade the trial judge to exclude the evidence, whereas under the special balancing test of Rule 609(a), the party offering the evidence has the burden of persuasion).

[¶ 16] In this case, Randall, a defendant in a criminal case, offered evidence of seventeen prior convictions for the purpose of impeaching the credibility of Davenport, a prosecution witness. There is no dispute that the eleven convictions excluded by the trial court were for crimes "punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." N.D.R.Ev. 609(a)(i). Thus, these eleven convictions should have been admitted under Rule 609(a)(i) unless the State met its burden of showing that the probative value of the convictions was substantially outweighed by the danger of unfair prejudice under Rule 403. *See Greer*, 831 F.2d at 705; Gold, *supra*, at 2322.

[¶ 17] The State attempted to meet its burden in this case by arguing the eleven convictions were not probative because the convictions did not involve dishonesty or false statement. However, the State made no argument

that the admission of these convictions was in any way prejudicial under Rule 403. In order to launch a successful Rule 403 challenge to evidence otherwise admissible under N.D.R.Ev. 609(a)(i), the State must "point to a real danger of prejudice that is sufficient to outweigh substantially the probative value of the conviction for impeachment purposes." *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments. The probative value of prior conviction evidence is a product of "the degree to which the evidence is logically probative of untruthfulness and the extent to which this credibility evidence is needed, given the context in which the evidence is offered." *See* Wright & Miller, *supra*, § 6134, at 230. Prior conviction evidence is unfairly prejudicial under Rule 403, "to the extent it may induce the jury to decide the case on an improper basis." *See id.* For example, when the witness is a victim in a criminal prosecution and the defendant raises self-defense as an issue, the chance exists that the jury might misuse the victim's prior convictions as propensity evidence of the victim's behavior rather than as impeachment evidence. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments ("Since the behavior of the [prosecution] witness is not the issue in dispute in most cases, there is little chance that the trier of fact will misuse the convictions offered as impeachment evidence as propensity evidence."); *see also U.S. v. Rowe*, 92 F.3d 928, 933 (9th Cir.1996) (victim's prior conviction for automobile theft was properly excluded under Rule 403 because the jury might improperly infer that the victim had stolen the car she was driving the night she was carjacked by the defendant). Also, there is a chance the jury may simply conclude from the victim's prior convictions that the victim was a bad person and "had it coming." *See* 3 Christopher B. Mueller

& Laird C. Kirkpatrick, *Federal Evidence* § 274, at 235 (2d ed.1994). In this case, however, the State did not raise either of these arguments at trial, and the record is entirely devoid of any reference to such dangers by the trial court. *See* Fed.R.Evid. 609 advisory committee's notes to 1990 amendments ("Only when the government is able to point to a real danger of prejudice that is sufficient to outweigh substantially the probative value of the conviction for impeachment purposes will the conviction be excluded.").

 [¶ 18] Despite the State's failure to make any showing of prejudice, the trial court required Randall's counsel to argue why admission of all seventeen convictions would not be prejudicial:

> THE COURT: That's what I said earlier. 403 is the one I have to interpret but these are admissible under 609. The question now becomes should I allow them in under 403? They're admissible clearly under 609. 609 says any time you commit a felony subject to 403, of course that's always the case although they're irrelevant if it's outweighed by the unfair prejudice then that's the question. That's the issue right there now. So argue that. Mr. Martin, you have 17 things here exactly. Why isn't that prejudicial?

Thus, the trial court incorrectly placed the burden on Randall to show that evidence of Davenport's seventeen prior convictions would not be prejudicial when, in fact, the burden should have been on the State to show that the unfair prejudice of the evidence of the convictions would substantially outweigh their probative value. *See Greer*, 831 F.2d at 705 (noting that under Rule 403, the party opposing the use of conviction evidence has the burden to persuade the trial judge to exclude the evidence, whereas under the special balancing test of Rule 609(a), the party offering the

evidence has the burden of persuasion); Gold, *supra*, at 2322. In placing this burden on Randall, the trial court misapplied N.D.R.Ev. 609(a)(i) and abused its discretion. *See Myer*, 2001 ND 123, ¶ 8, 630 N.W.2d 62 (trial court abuses its discretion when it misinterprets or misapplies the law).

[¶ 19] Although the State did not raise the argument at trial, the trial court also appears to have considered the "cumulative evidence" and "waste of time" factors of Rule 403 in determining to exclude eleven of Davenport's seventeen prior convictions. The mere fact that evidence is cumulative, however, is not a basis for exclusion under Rule 403, rather, a trial court is only authorized to exclude the "needless presentation" of cumulative evidence. *See* 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5220 (Supp.2001). Furthermore, to exclude evidence on this basis, the concern over the "needless presentation of cumulative evidence" must substantially outweigh the probative value of the evidence. *See* 2 *Weinstein's Federal Evidence* § 403.06[1] (2d ed.2001). Inherent in Rule 609 is a recognition that prior convictions are probative of a witness's credibility. *See Burston*, 159 F.3d at 1335. Thus, in the context of Rule 609(a)(i), an analysis beyond merely that there are seventeen convictions and their admission would be cumulative is required. Under Rule 609(a)(i), the number and nature of Davenport's prior convictions directly relate to his credibility as a witness. *See id.* ("Evidence of a murder conviction says something far different about a witness' credibility than evidence of a conviction for a minor drug offense.... Furthermore, evidence of fifteen murder convictions says something different about a witness' credibility than evidence of only one such conviction."). Additionally, where there is no other evidence to impeach the witness, the probative value of the conviction evidence is increased. *See U.S. v. Cavender*, 228 F.3d 792, 799 (7th Cir.2000) (evidence of a prior conviction was not cumulative under Rule 403 where the only other impeachment evidence admitted was testimony indicating the witness had lied to a police officer and evidence that the witness was being compensated for testifying). Here the trial court appears to have concluded that the cumulative nature based on the number of convictions alone was prejudicial. Such an application of Rule 403, in the context of Rule 609, was an abuse of discretion.

## IV

[¶ 20] When a trial court errs in excluding evidence, this Court must decide whether the error was so prejudicial that a defendant's substantial rights were affected and a different decision would have resulted without the error. *State v. Kelly*, 2001 ND 135, ¶ 26, 631 N.W.2d 167. To determine whether an error affecting the defendant's substantial rights has been committed, the entire record must be considered and the probable effect of the error determined in the light of all the evidence. *See id.* (citing Rule 52, N.D.R.Crim.P., Explanatory Note). Under Rule 609, error is harmless if the witness's credibility was sufficiently impeached by other evidence, or if the State's case was strong enough to support a conviction even apart from the witness's testimony. *Burston*, 159 F.3d at 1336.

[¶ 21] Even though the trial court erred in excluding Davenport's eleven felony convictions, the error is harmless. While Davenport's convictions should have been admitted, the case was not solely determined on Davenport's testimony. Randall was still able to impeach

Davenport's credibility with the six convictions that were admitted. *See United States v. Baylor*, 97 F.3d 542, 545 (D.C.Cir. 1996) (court found error barring further impeachment was harmless). The jury was presented with evidence of six prior felony convictions with which to assess Davenport's credibility. The impact of introducing more convictions similar to those already in evidence arguably would not have been great. *See Burston*, 159 F.3d at 1336; *see also State v. Brandner*, 551 N.W.2d 284, 286 (N.D.1996) (holding the prejudicial effect of exclusion of evidence was minimal).

[¶ 22] Davenport's testimony, while helpful, was not critical to the State's case. *See Burston*, 159 F.3d at 1336. There was sufficient independent evidence presented to support the jury's verdict finding Randall guilty, even without the testimony of Davenport. Most notably, the jury was presented with Randall's taped admissions of shooting Terry Davenport. The jury had an opportunity to assess Randall's credibility when they heard Randall's conflicting accounts of the events leading to the shooting. In Randall's taped admissions, he made contradicting statements. Initially, he claimed the shooting was in self-defense. Later, he claimed the shooting was accidental. Finally, he claimed he was trying to scare Davenport by shooting in the air. Randall also described taking a slingshot and launching the empty bullet casing into a field by his house, so it would not be used as evidence against him. Randall also repeatedly stated he hoped Davenport learned his lesson from the shooting. The jury did not believe Randall's self-defense theory. We are not persuaded admission of Davenport's remaining eleven felony convictions would have produced a different result in this case. *See State v. Hart*, 1997 ND 188, ¶ 21, 569 N.W.2d 451.

[¶ 23] In addition, the jury heard testimony supporting a guilty verdict from other witnesses. Dale Davenport, Terry's brother, was an eye-witness to the shooting. Dale Davenport testified Terry Davenport and Randall had a five to ten minute conversation, that Randall turned to walk away, but then turned back and shot Terry. Dale Davenport's testimony supports Terry Davenport's testimony and contradicts the circumstances of the shooting given by Randall. Nothing in the record suggests that Dale Davenport's testimony was manufactured to support Terry Davenport's version of the events, nor was this suggested by Randall. Ellen Glennon, a resident of Regan, testified that on the morning of the shooting Randall told her there were going to be fireworks that night. Glennon's testimony, along with Randall's testimony about the night of the shooting being the first time he had ever taken a gun with him, supports the jury's rejection of Randall's self-defense theory.

[¶ 24] In light of the substantial evidence supporting Randall's guilt, the erroneous exclusion of impeachment evidence was harmless error. *See Burston*, 159 F.3d at 1336; *see also Rowe*, 92 F.3d at 933.

## V

[¶ 25] We conclude the trial court abused its discretion by misapplying N.D.R.Ev. 609(a)(i), but because the error was harmless, we affirm the judgment of the trial court.

[¶ 26] MARY MUEHLEN MARING, WILLIAM A. NEUMANN, JJ., and LAURIE A. FONTAINE, D.J., concur.

[¶ 27] LAURIE A. FONTAINE, D.J., sitting in place of KAPSNER, J., disqualified.

SANDSTROM, Justice, concurring in the result.

[¶ 28] I agree with the majority's construction of the balancing tests in Rules 609 and 403, N.D.R.Ev.; however, the majority wrongly concludes that the district court abused its discretion when applying the rule. I write separately (1) to disagree with the majority's conclusion the district court erred in the application of Rule 609 and abused its discretion by excluding some of Davenport's prior felony convictions, (2) to emphasize public policy considerations when the witness in question is the alleged victim, and (3) to emphasize that the complexity of Rule 609 demands the parties prepare appropriately and raise the issue of admission of prior convictions before trial.

I

[¶ 29] The majority correctly sets forth the history of Rule 609 and explains the different balancing tests of Rule 609, including the application of the Rule 403 balancing test in the context of Rule 609. Under the majority's construction of the rules, I do not believe the district court abused its discretion.

[¶ 30] The majority misconstrues the district court's language and actions, and then says the language and actions as misconstrued reflect an abuse of discretion.

[¶ 31] The majority asserts two reasons for its conclusion the district court abused its discretion. First, at ¶ 18, the majority concludes the district court placed the burden of showing prejudice on the wrong party. Second, at ¶ 19, the majority concludes the district court erred when applying the "needless presentation of cumulative evidence" provision of Rule 403.

[¶ 32] First, at ¶ 18, the majority concludes the "trial court incorrectly placed the burden on Randall to show that evidence of Davenport's seventeen prior convictions would not be prejudicial." The majority provides an excerpt, at ¶ 18, from the in-chambers hearing. This excerpt is taken out of context.

[¶ 33] The transcript of the hearing in chambers shows the judge appropriately placed the initial burden on the State. The transcript also shows the district court asked both parties to argue the probative value, as well as the potential for unfair prejudice, of the convictions under Rule 403. First, the judge asked the State to argue the prejudicial value of Davenport's convictions.

> THE COURT: Of the 17 different felonies now tell me why you think generally 609A allows admissibility for any or all of those subject to the rule of whether or not probative outweighs the prejudicial.

Although the State focused its argument on whether the convictions were admissible under Rule 609(a)(ii), as crimes involving dishonesty or false statement, the district court recognized the convictions were possibly prejudicial. At this point in the hearing, the district court commented on the State's argument and directed a question to the defense.

> THE COURT: That's what I said earlier. 403 is the one I have to interpret but these are admissible under 609. The question now becomes should I allow them in under 403? They're admissible clearly under 609. 609 says any time you commit a felony subject to 403, of course that's always the case although they're irrelevant if it's out-weighed by the unfair prejudice then that's the question. That the issue right there now.
>
> So argue that. [Defense counsel], you have 17 things here exactly. Why isn't that prejudicial?

Finally, the judge ruled:

> I am going to allow the admission of 6 criminal convictions spread over a period

of time ... for purposes of showing that there is an extended period of time. This is not an isolated example. I think it gives us a whole impression of this individual.

. . . .

More than that I am satisfied would be substantially prejudicial to show there was [sic] eleven more felonies in 1995.

The district court appears to have based its ruling on the "unfair prejudice" factor of N.D.R.Ev. 403, within the context of N.D.R.Ev. 609(a)(i).

[¶ 34] Under the majority's interpretation of the in-chambers hearing, the district court apparently is allowed to consider only the orally articulated arguments of counsel when making an evidentiary decision. The majority refuses to acknowledge the district court's ability to recognize prejudice independently. I disagree with this unduly narrow interpretation of the in-chambers hearing.

[¶ 35] Second, the majority, at ¶ 19, discounts the district court's consideration of the cumulative nature of the additional prior convictions, by attempting to distinguish "cumulative evidence" from the "needless presentation of cumulative evidence." Because the district court used the shorthand reference to "cumulative evidence" without repeating the whole phrase, "needless presentation of cumulative evidence," the majority unreasonably concludes the district court must have gotten the standard wrong, saying, at ¶ 19, the district court "appears to have concluded that the cumulative nature based on the number of convictions alone was prejudicial." The majority's characterization is unfair.

[¶ 36] Language from the in-chambers hearing shows the district court was considering the "needless presentation of cumulative evidence" nature of the prior convictions.

So ... how many more should I let in and why? At what point does the state become *redundant, superfluous* and highly, highly prejudicial? We have already established this guy is a criminal. How much of a criminal do we have to do? I have 1, 2, 3, 4, 5, 6, 7, 8, 9 convictions for breaking into a motor vehicle.

(Emphasis added). The majority, at ¶ 21, when arguing the error by the district court was harmless, recognizes "[t]he impact of introducing more convictions similar to those already in evidence arguably would not have been great." The district court could have excluded the remaining convictions under the "cumulative evidence" or "waste of time" factors of Rule 403.

[¶ 37] In discussing the cumulative nature of the prior convictions, the majority, at ¶ 19, also states "where there is no other evidence to impeach the witness, the probative value of the conviction evidence is increased." While this statement is accurate, it ignores the district court's decision to admit three of Davenport's prior convictions under N.D.R.Ev. 609(a)(ii) because they were crimes involving dishonesty or false statement. Again, when arguing the harmlessness of the district court's perceived error, the majority, at ¶ 21, chooses to acknowledge "the case was not solely determined on Davenport's testimony. Randall was still able to impeach Davenport's credibility with the six convictions that were admitted." It is simply not accurate to assert this was a case in which there was no other evidence to impeach the witness.

[¶ 38] The district court did not abuse its discretion in applying N.D.R.Ev. 609.

## II

[¶ 39] When the witness is either the alleged victim in a criminal case or a plain-

tiff in a civil case, as Davenport was, public policy concerns must be considered when evaluating how many prior convictions should be admitted as impeachment evidence. *See Minnesota v. Lanz–Terry*, 535 N.W.2d 635, 639 (Minn.1995); *Wilson v. Groaning*, 25 F.3d 581, 585 (7th Cir.1994); 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence*, § 274 (2d ed.1994). North Dakota has recognized similar concerns for alleged victims of sexual misconduct and has provided additional protection accordingly. N.D.R.Ev. 412; N.D.C.C. §§ 12.1–20–14, 12.1–20–15, 12.1–20–15.1 (superseded by N.D.R.Ev. 412, effective March 1, 1998).

[¶ 40] As the Minnesota Supreme Court has noted, a court should be concerned with protecting all witnesses from harassment and embarrassment, the jury from being confused or misled, and all parties involved from an undue waste of time. *Minnesota v. Lanz–Terry*, 535 N.W.2d 635, 639 (Minn.1995). Minnesota's rule of evidence for the admission of prior convictions for impeachment purposes differs from the North Dakota and federal rules; however, the *Lanz–Terry* decision illustrates the public policy concerns at stake when the witness in question is also the alleged victim. Specifically, when reviewing the convictions of an alleged victim, the Minnesota Supreme Court stated:

> The type and number of [the victim's] convictions might have lead [sic] the jury to "see him as a person not capable of being a victim in this particular instance." In other words, the convictions might have led the jury to conclude that [the victim] was a bad person who deserved to be the victim of a crime, which would amount to a decision being made on an improper basis.

*Id.* at 639. The Minnesota Supreme Court affirmed the trial court's ruling not to al-

low the alleged victim to be impeached with his five prior convictions for robbery, possession of cocaine, theft from a person, sale of a controlled substance, and possession of a pistol by a felon on the basis the convictions "would have potentially led the jury to decide the case on an improper basis, and would likely have confused the jury and unnecessarily prolonged the trial." *Id.* at 638, 641.

[¶ 41] The Seventh Circuit has also recognized evidence of a plaintiff's prior convictions may prejudice his case. *Wilson*, 25 F.3d at 585. In a civil rights action brought by a prisoner against two correctional officers, the court said:

> It "might be prejudicial to overload the factfinder ... [by] put[ting] in all the convictions because [the jury] might well determine that as a result of having that many convictions, that regardless of how the facts come out, that [the plaintiff-prisoner] is a person not deserving of any relief."

*Id.* The court noted the additional concerns apply to a criminal case as well, stating the victim-witness's prior convictions could lead to the inference the victim "had it coming," and the defendant may be acquitted on improper grounds. *Id.* The *Wilson* court affirmed the trial court's admission of three of the plaintiff-prisoner's six prior convictions. *Id.* at 586.

[¶ 42] As the majority points out, the Advisory Committee's Note explains the 1990 amendment "resolve[d] an ambiguity as to the relationship of Rules 609 and 403 with respect to impeachment of witnesses other than the criminal defendant." Fed. R.Evid. 609 advisory committee's note to 1990 amendment. The Advisory Committee's comments also explain how Rule 403 helps to minimize the potential danger in the use of prior convictions for impeachment:

> The amendment also protects other litigants from unfair impeachment of

their witnesses. The danger of prejudice from the use of prior convictions is not confined to criminal defendants. Although the danger that prior convictions will be misused as character evidence is particularly acute when the defendant is impeached, the danger exists in other situations as well. The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant.

*Id.* The Advisory Committee's comments also acknowledge "there are cases in which impeachment of government witnesses with prior convictions that have little, if anything, to do with credibility may result in unfair prejudice to the government's interest in a fair trial and unnecessary embarrassment to a witness." *Id.*

[¶ 43] Although the danger of unfair prejudice to a victim-witness does not invoke the same level of scrutiny we should employ when the prior convictions of a criminal defendant are at issue, Rule 609 provides for the possibility the victim-witness's prior convictions could be used in a prejudicial manner. *Id.* Because of this possible misuse of impeachment evidence, Weinstein suggests a list of factors to assist a district court in weighing the admissibility of the prior convictions of a witness other than the accused:

1. The impeachment value of the prior crime.
2. The date of the conviction and the witness's subsequent history.
3. The degree of similarity between the past crime and any conduct of the

witness that is at issue in the present litigation.
4. The importance of the witness's testimony.
5. The centrality of the credibility issue.

4 *Weinstein's Federal Evidence,* § 609.05[2] (2d ed.2001); *see also Daniels v. Loizzo,* 986 F.Supp. 245, 250 (S.D.N.Y. 1997) (similar set of factors listed). Through the use of these factors, the potential for improper use of impeachment evidence will be lessened.

### III

[¶ 44] The admission of prior convictions under Rule 609 is a complicated issue that should not be "sprung" on the district court as it was in this case. Absent unforeseen circumstances, Rule 609 issues should be raised before trial when all parties involved have adequate time and resources to make a carefully reasoned decision.

### IV

[¶ 45] I agree the district court's judgment should be affirmed, but I would affirm on the ground the district court did not abuse its discretion.

[¶ 46] DALE V. SANDSTROM, J.

VANDE WALLE, Chief Justice, concurring in the result.

[¶ 47] I concur with most of the majority opinion concerning the application of N.D.R.Ev. 609. Although courts have been criticized for assuming the text of the rule allows them to exercise wide discretion in applying the rule, *see* Victor Gold, Impeachment by Conviction Evidence: Judicial Discretion and the Politics of Rule 609, 15 Cardoza L.Rev. 2295, 2296, and for ignoring the legislative history of Rule 609, *id.,* the rule, with its incorporation by reference of Rule 403, does not appear ambig-

uous. In North Dakota, at least, we resort to legislative history only when a statute, and, presumably, a rule, are ambiguous. N.D.C.C. § 1–02–05. It appears to me the rule is ambiguous only when the legislative history is considered. But, I am persuaded by the majority opinion on this point because, in respect to the issue before us, the North Dakota rule tracks the Federal rule and the Uniform Rules of Evidence. *See* Explanatory Note to N.D.R.Ev. 609. Furthermore, the logic and policy expressed in the legislative history convince me it is the interpretation we should follow.

[¶ 48] It is not clear to me whether or not the trial judge applied the rule as interpreted by the majority opinion. I am inclined to agree with Justice Sandstrom that the trial court did properly apply the rule, but I suggest the record on these matters should be clear, or we will be consistently engaged in these discussions. Thus, although it is possible, as the concurring opinion suggests, that the trial court recognized prejudice independently of the orally articulated argument of counsel, I recommend the trial court make that clear on the record. The failure to do so will leave the trial court's decision subject to interpretation and, although I favor a conclusion affirming the trial court's exercise of discretion rather than a conclusion the court abused its discretion, my experience indicates this is a fertile ground for disagreement. A clear statement on the record will avoid that dispute.

[¶ 49] Finally, if there is error, I agree it is harmless and I concur in affirming the conviction.

[¶ 50] GERALD W. VANDE WALLE, C.J.