**STATE of North Dakota ex rel. Allen KOPPY, in his capacity as Morton County States Attorney, Petitioner,**

v.

**Benny A. GRAFF, in his capacity as Judge of the District Court for Morton County, South Central Judicial District, Respondent.**

Cr. No. 920060.

Supreme Court of North Dakota.

May 6, 1992.

856

Brian David Grosinger (argued), Asst. State's Atty., Mandan, for petitioner.

Ralph A. Vinje (argued), Bismarck, for Debra Meyer, defendant.

JOHNSON, Justice.

The State of North Dakota, through the Morton County State's Attorney, requested a supervisory writ from this Court to order the District Court for Morton County (District Court) to dismiss without prejudice the charge against Debra Meyer. The District Court refused to allow the State's Attorney to dismiss and ordered trial in the matter. We grant the writ, but allow the defense,

at its discretion, to request an evidentiary hearing to determine allegations of bad faith or misconduct on the part of the prosecution or law enforcement authorities.

The underlying action involves an accomplice to murder charge against Debra Meyer. She is alleged to be an accomplice in the December 15, 1989, murder of Delwyn Meyer, her husband. On March 5, 1992, a hearing was held on the State's motion to dismiss the pending action, based upon recent developments in the case. The State's Attorney urged that one of the State's key witnesses had been found to be unreliable and that an alibi witness had recently been discovered for the alleged murderer. The State could no longer proceed in the case under the state of the evidence, and requested that the accomplice to murder charge be dismissed under Rule 48(a). The defense resisted this motion, arguing that this evidence was not newly discovered, and that Morton County officials had harassed Meyer for approximately the last two and a half years using various tactics. The defense attorney requested that the case proceed to trial. The Honorable Benny A. Graff denied the State's motion.

The State's Attorney then made application to this Court for a supervisory writ [1] to order the District Court to dismiss this charge. On March 6, 1992, this Court issued a stay of criminal proceedings, and on March 18, 1992, requested briefing and oral argument on the issues of whether an evidentiary hearing is required "in order to find either a lack of prosecutorial good faith or the evidence of law enforcement misconduct."

The State argues that the District Court clearly abused its discretion by denying the motion to dismiss. The State properly supplied written information which supported the State's motion and informed the Dis-

1. N.D.C.C. § 27–02–04, states:
The supreme court may exercise appellate jurisdiction only, except when otherwise specially provided by law or by the constitution. Such court, in the exercise of its original jurisdiction, may issue writs of habeas corpus, mandamus, quo warranto, certiorari, and injunction. In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction. Such court shall exercise its original jurisdiction only in habeas corpus cases and in such cases of strictly public concern as involve questions affecting the sovereign rights of this state or its franchises or privileges.

trict Court why proceeding with this action would be futile. The State argues that, by denying this motion and forcing the trial, the State will be forever barred from bringing Debra Meyer to justice due to double jeopardy restrictions. Therefore, this Court should order the dismissal of the charge without prejudice.

■ This Court's authority to issue, hear, and determine remedial or original writs is found in N.D. Const. art. VI, § 2. The exercise of supervisory control over lower courts is used sparingly and only in emergency situations when there are no available alternatives. *Spence v. North Dakota Dist. Court*, 292 N.W.2d 53, 58 (N.D.1980). Generally, this Court denies such applications, unless the interests of the State are affected. *Id.* at 57. *See Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D.1990).

This case involves an interpretation of N.D.R.Crim.P. 48(a) which states:

(a) *By Prosecuting Attorney.* No criminal case pending in any court shall be dismissed by any prosecuting attorney except upon motion and with the court's approval. Such a motion shall be supported by a written statement concisely stating the reasons for the motion. The statement shall be filed with the record of the case and be open to public inspection. A dismissal may not be ordered during the trial without the defendant's consent.[2]

This rule has not been interpreted in North Dakota; therefore, this question is one of first impression for this Court.

Professor Charles A. Wright discussed the purpose of Rule 48 in his treatise.

At common law the prosecutor could enter a nolle prosequi without approval of the court. This was the rule recommended to the Supreme Court by the

Advisory Committee on Criminal Rules, but the Court itself, on promulgating the rules, added the requirement in Rule 48(a) that only by leave of court could the prosecution file a dismissal. The reason for this action by the Court is unclear. It has been read as an expression by the Court of a belief that entry of a nolle prosequi should be a permissive right only, and as intended to prevent harassment of a defendant by charging, and then dismissing without placing a defendant in jeopardy.

It is difficult indeed to see any real or substantial change or benefit achieved by Rule 48(a). The court is powerless to compel a prosecutor to proceed in a case that he believes does not warrant prosecution. If the court refused consent to dismiss, the prosecutor in his opening statement to the jury and in his presentation of evidence can indicate to the jury the considerations that should work an acquittal.

Nevertheless the requirement of leave is in the rule, and each judge is left to struggle with its uncertainties as best he can. Since the court must exercise a sound judicial discretion in considering a request for dismissal, it must have factual information supporting the recommendation. Leave will be granted if the government is without sufficient evidence to obtain a conviction or if dismissal is sought for some other bona fide reason that does not involve harassment of the defendant.

3A Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 812 (1982) (citations omitted).

The North Dakota rule clearly states that the "court's approval" is required. Federal Rule 48(a) provides:

---

2. The comments to this rule indicate that it follows the Federal Rules of Criminal Procedure and is an adaptation of the Colorado Rules of Criminal Procedure 48(a), which states in part:

(a) *By the State.* No criminal case pending in any court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy, unless upon a motion in open court, and with the court's consent and approval. Such a motion shall be supported or accompanied by a written statement concisely stating the reasons for the action. The statement shall be filed with the record of the particular case and be open to public inspection. Such a dismissal may not be filed during the trial without the defendant's consent.

The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

Although the phrasing is different, both the North Dakota and the federal rule require some court action before allowing a dismissal by the prosecution. Federal cases interpreting Rule 48 provide us with a background and helpful framework for the application of this rule. *See United States v. Welborn*, 849 F.2d 980 (5th Cir. 1988); *United States v. Salinas*, 693 F.2d 348 (5th Cir.1982); *United States v. Cowan*, 524 F.2d 504 (5th Cir.1975); *United States v. Ammidown*, 497 F.2d 615 (D.C.Cir.1973); *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F.Supp. 483 (S.D.N.Y.1964).

At common law, the decision not to prosecute was one entirely left to the prosecutor. *Ammidown*, 497 F.2d at 620. The rule was drafted to reflect the common law, but was amended to require the prosecution to clearly state the reasons for such dismissal. *Id.* Prior to being adopted by Congress, the Supreme Court reviewed the rule and changed it to eliminate the need to state the reasons for the dismissal and added the requirement "by leave of court" without explanation. *Salinas*, 693 F.2d at 350–51. Courts have interpreted this phrase to give trial courts discretion when entertaining motions to dismiss by the prosecution. *Id.* at 351.

■ Generally, the prosecuting attorney is considered to be in the best position to evaluate the charges and the evidence to determine if prosecution should continue. *Id.* at 351. The prosecution is entitled to a presumption of good faith when requesting a dismissal. However, that decision is not absolute and is subject to review by the trial court under Rule 48(a). *Welborn*, 849 F.2d at 983; *Greater Blouse*, 228 F.Supp. at 486.

■ Rule 48(a) has been viewed as a way to check the absolute power of the executive. *Salinas*, 693 F.2d at 351. Al-

though the prosecutor has discretion in this area, the trial court should not merely serve as a "rubber stamp" for the prosecutor's decision. *Ammidown*, 497 F.2d at 622. The trial court has an important function to protect the public interest and prevent harassment of the defendant. *Id.* The prosecutor should be denied a dismissal, if the trial court is satisfied that the prosecutor is acting in bad faith, contrary to public interest, or intentionally harassing the defendant. This determination should be made by clear and convincing evidence. *Greater Blouse*, 228 F.Supp. at 486. *Greater Blouse*, states that, "where it appears (1) that the Government is without sufficient evidence to warrant prosecution and sustain a conviction, and (2) the dismissal is not for the purpose of the subjecting a defendant to harassment by the commencement of another prosecution at a different time or at a place deemed more favorable to the prosecution," the prosecution should be granted a dismissal. *Id.* at 486–87.

Our rule is also similar to the Colorado rule. We look to Colorado's interpretation for guidance. In *People v. Lichtenstein*, 630 P.2d 70 (Colo.1981), the Supreme Court of Colorado addressed the denial of the prosecutor's motion to dismiss. The Supreme Court found that the trial court incorrectly denied the motion to dismiss a second count against the defendant. The Supreme Court concluded:

The trial court's refusal to grant consent to a dismissal of charges is appropriate only where the evidence is clear and convincing that the interests of the defendant or the public are jeopardized by the district attorney's refusal to prosecute. Here the dismissal of the lesser charge resulted in no prejudice to the defendant. The trial court made no finding that the prosecution was attempting to harass the defendant, or prejudice his defense.

*Lichtenstein*, 630 P.2d at 73 (citations omitted).

Rule 48(a) does not allow the prosecutor total freedom to dismiss charges on a whim. The prosecutor must clearly state

the reasons for such a request. The trial court has the responsibility to protect the interests of the defendant and the public. A finding of harassment must be clearly supported and would certainly justify a dismissal with prejudice.

The District Court did not make any specific findings in this case. The District Court states that the hearing transcript provides the basis for the decision not to dismiss. The transcript reveals the following:

THE COURT: Mr. Grosinger [State's Attorney], what can you tell me? There has really been some serious allegations but what it seems to me is police misconduct in this case where they have been harassing this lady, trying to obtain information on a regular basis.

I mean, they have sent people out to try to date her, to sell her drugs, according to Mr. Vinje, to sleep with her. I mean these are horrible allegations. What can you tell me about that?

MR. GROSINGER: I can tell you, Your Honor, that we are denying the allegations that anybody was sent to sleep with her.

THE COURT: How about the allegation to sell her some drugs?

MR. GROSINGER: The allegations regarding any transaction that would have taken place in which we were—we meaning not me personally, but the work was being done in conjunction with Marion County Sheriff's Department at that point.

I deny any illegality there. It would be no different than a controlled substance purchase set up in this state.

THE COURT: But why would you pick on this lady? Why would you go to Iowa? Only because you want to get her involved in this? Why would you send some people out to Iowa to try to sell drugs to Debra Meyer? Is she the big drug ringleader in North Dakota? Do we have some information that way?

That seems to be harassment to me. Now, I don't know, maybe I am naive.

MR. GROSINGER: I would deny harassment, Your Honor.

\* \* \* \* \* \*

THE COURT: Well, is it on going with Debra Meyer as chief suspect still? I think that's the key here is if this lady is—if all we are going to do is dismiss this so we can work for another year to try to find more evidence on Miss Meyer, I think she is entitled to a trial now.

If that's what the theory of the Mandan Police Department is, then I think they have decided, and they convinced you gentlemen as prosecutors to bring this action to haul her back from another state. If that's what the theory of the case is, is that Debra Meyer is the murderer in this case, or accomplice, then I think she is entitled to trial at this time.

 The transcript indicates a basis for claims of harassment or misconduct. However, there was no hearing or explicit finding on the issue of harassment or misconduct of the investigating officials. If the District Court is to deny the State's motion to dismiss without prejudice, there should be an evidentiary hearing to determine issues raised by the defense. If so, the District Court will have an opportunity to determine issues of bad faith, harassment, or misconduct as alleged by the defendant, and if such is found, it could support a denial of the State's motion or a dismissal with prejudice. *See United States v. Batres–Santolino*, 521 F.Supp. 744 (N.D.Cal.1981) (indictment dismissed due to outrageous government conduct).

We grant the original writ to the extent that the District Court shall order a dismissal without prejudice of the charges in this case, subject to the defense previous to dismissal or upon subsequent criminal proceedings, requesting an evidentiary hearing upon its claims of bad faith or misconduct on the part of the prosecution or law enforcement authorities. The trial of the matter is stayed pending such action.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in the place of VANDE WALLE, J., disqualified.