2002 ND 130

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Rodney BELL, Defendant and Appellant.**

**No. 20010311.**

Supreme Court of North Dakota.

Aug. 15, 2002.

William A. Mackenzie, Jamestown, for defendant and appellant.

Leo A. Ryan, Assistant State's Attorney, Jamestown, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1]   Rodney Bell appeals from a judgment of conviction entered on a jury verdict finding him guilty of possession of a controlled substance with intent to deliver, a class B felony, in violation of N.D.C.C. §§ 19–03.1–23(1) and 19–03.1–05(5)(t). We affirm.

I

[¶ 2]   Rodney Bell and Jodee Kirvida lived in Streeter, North Dakota. After receiving three anonymous tips that narcotics were being distributed from their home, the Stutsman County Narcotics Task Force conducted a search of the garbage outside the home. The task force found evidence of drugs in the garbage search and, subsequently, applied for and executed a search warrant of the home. During the search, the task force seized large amounts of marijuana and drug paraphernalia found in a number of rooms throughout the house, and also seized an address book and a business card they believed contained calculations evidencing drug transactions. Bell eventually admitted he had written the calculations, but did not admit they were calculations of drug transactions. On August 14, 2001, Bell was arrested and charged with the posses-sion of a controlled substance with the intent to deliver in violation of N.D.C.C. §§ 19–03.1–23(1) and 19–03.1–05(5)(t).

[¶ 3]   On September 20, 2001, Bell filed a motion in limine requesting an evidentiary hearing on the admissibility of the address book and the business card purported to contain evidence of drug transactions, referred to as "owe" documentation. On October 9, 2001, a hearing was held. At the close of the hearing, the trial court concluded the address book and the business card were relevant and not unfairly prejudicial. On October 15 and 16, 2001, a jury trial was held and the jury found Bell guilty. On December 19, 2001, the trial court entered a judgment of conviction based on the jury's verdict.

[¶ 4]   Bell appeals, arguing (1) the trial court abused its discretion by admitting the address book and business card into evidence; (2) the trial court abused its discretion in excluding the testimony of Kirvida regarding the charges to which she had pled guilty; (3) there was not sufficient evidence to sustain the verdict; and (4) a new trial should be granted based on ineffective assistance of counsel.

II

[¶ 5]   Bell argues the trial court abused its discretion by admitting the address book and business card into evidence without sufficient foundation. Further, he argues, even if adequate foundation was laid and the address book and business card were relevant, admitting them into evidence unfairly prejudiced him.

[¶ 6]   A trial court has broad discretion in evidentiary matters and this Court will not reverse its decision absent an abuse of discretion. *State v. Jensen*, 2000 ND 28, ¶ 10, 606 N.W.2d 507. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscio-

nable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *State v. Randall*, 2002 ND 16, ¶ 5, 639 N.W.2d 439.

## A. Foundation for Officers' Testimony

[¶ 7] Bell argues a lack of foundation for admitting the address book and the business card, claiming the foundation relies on the opinions of Officer Troy Kelly and Special Agent Arnie Rummel, and the State failed to qualify these officers as experts. Bell contends that because the officers were not explicitly qualified as experts, their opinions were not rationally based, and the evidence should have been excluded. Bell relies on Rule 701, N.D.R.Ev., which provides:

If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences that are (i) rationally based on the perception of the witness and (ii) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

[¶ 8] The State argues proper foundation was established, and the evidence was properly admitted under Rule 702, N.D.R.Ev., which provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

[¶ 9] A touchstone for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court, so the trial court could intelligently rule on it. *State v. Freed*, 1999 ND 185, ¶ 13, 599 N.W.2d 858. In *Freed*, we ex-

plained under Rule 103(a)(1), N.D.R.Ev., "error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." *Id.* A party must object at the time the alleged error occurs, so the trial court may take appropriate action if possible to remedy any prejudice that may have resulted. *City of Fargo v. Erickson*, 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring). Failure to object acts as a waiver of the claim of error. *Id.*

[¶ 10] In his brief on appeal, Bell contends he objected to the items of evidence for lack of a rational foundation. He supports his contention by arguing the officers were not qualified as experts and their opinions, therefore, were irrational under Rule 701. However, Bell did not object to the officers' testimony for lack of a rationally based opinion or a lack of expertise. His objection was based on a lack of foundation for the evidence itself, asserting the State could not prove the address book and the business card were actually "owe" sheets. Bell said nothing about the officers' expertise or qualifications.

[¶ 11] In his written motion in limine, Bell asserted, "allowing the state to introduce the exhibits as 'owe' documentation during the jury trial would be unfairly prejudicial to the defendant unless the state provides satisfactory foundation at a pre-trial hearing." During the pre-trial hearing on the motion in limine, the State presented testimony of Officer Kelly, without objection. Officer Kelly testified as to his training and experience. He further testified as to his belief, based on his training and experience, that the address book

and business card found during the search of Bell's home were evidence of drug transactions. Bell did not object to Officer Kelly's testifying nor did he challenge Officer Kelly's qualifications in providing an opinion on the address book and business card.

[¶ 12] At trial, both Officer Kelly and Special Agent Rummel testified that based on their experience the address book and the business card were evidence of drug transactions. Bell did not object to the officers' testifying nor did he object to their opinions based on lack of expertise. When the State offered the address book into evidence, the only objection Bell made was: "Your Honor, this item of evidence was subject to a motion earlier, I think I objected to it at that time, same objections as to relevancy as well as unfair prejudice. That's a matter of record so I'm going to renew that objection and we'll go on with it." Then, when the State offered the business card into evidence, Bell's only objection was: "I have no problem with the front ... but same objection on the back as I did at the motion hearing." Bell did not provide a meaningful opportunity for the trial court or opposing counsel to cure any alleged foundational deficiencies based upon the extent of the officers' qualifications or expertise. Bell's objections to the State's offer of the address book and business card into evidence were vague and made no reference to the officers' expertise and qualifications. The objections were insufficient to preserve this issue for appellate review. *See Freed*, 1999 ND 185, ¶ 13, 599 N.W.2d 858.

### B. Unfairly Prejudicial Evidence

[¶ 13] Bell argues even if foundation was properly laid, and even if the evidence was relevant, the address book and business card still should have been excluded on the basis of unfair prejudice.

[¶ 14] Under Rule 403, N.D.R.Ev., "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." The trial court has broad discretion to control the introduction of evidence at trial, and this Court's review is limited to deciding if that discretion was abused. *State v. Zimmerman*, 524 N.W.2d 111, 115 (N.D.1994). A trial court's power to exclude relevant evidence should be exercised sparingly. *Id.* at 115. As we explained in *State v. Randall*, 2002 ND 16, ¶ 15, 639 N.W.2d 439:

In determining whether to exclude evidence under Rule 403, courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *See [Zimmerman*, 524 N.W.2d at 114–15] (quoting 1 Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence ¶ 403[03], pp. 403–49, 403–51 (1994)). "Generally, any doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay, or waste of time, should be resolved in favor of admitting the evidence, taking necessary precautions by way of contemporaneous instructions to the jury followed by additional admonition in the charge." Id. Therefore, the burden is on the objecting party to show that relevant evidence should be excluded under Rule 403. *See Kociemba v. G.D. Searle & Co.*, 683 F.Supp. 1579, 1581 (D.Minn.1988).

[¶ 15] At trial, the officers testified as to the meaning of the calculations on the address book and business card. Bell was given an opportunity to cross-examine the officers regarding their testimony. Bell offered the testimony of Kirvida, who explained the address book and business card contained calculations regarding the purchase of the house and other household bills. The jury was enti-

tled to give the officers' testimony and Kirvida's conflicting testimony the weight the jury deemed appropriate. We conclude Bell has failed to show how the introduction of the address book and business card were unfairly prejudicial. The address book and the business card were probative of Bell's involvement with drug trafficking and their admission was not unfairly prejudicial to him.

[¶ 16] Based on our review of the record, we conclude adequate foundation was laid for the officers' testimony, the evidence was relevant, and Bell was not unfairly prejudiced. Therefore, the trial court did not abuse its discretion in admitting the address book and business card into evidence.

### III

[¶ 17] Bell argues the trial court abused its discretion by excluding a portion of Kirvida's testimony. At trial, Kirvida testified she had initially been charged with felony possession of marijuana with the intent to deliver, and with misdemeanor possession of paraphernalia. Bell's attorney attempted to question Kirvida about the reduced charges to which she eventually actually pled guilty, but the State objected based on relevancy. The trial court sustained the objection, ruling the evidence irrelevant. Bell contends Kirvida's testimony was relevant, and the trial court's exclusion of Kirvida's testimony prejudiced him, misled the jury as to Kirvida's actual convictions, and denied him a fair trial.

[¶ 18] This Court will not overturn a trial court's admission or exclusion of evidence, unless the trial court abused its discretion. *State v. Gagnon*, 1999 ND 13, ¶ 9, 589 N.W.2d 560. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational

mental process leading to a reasoned determination, or if it misapplies or misinterprets the law. *Randall*, 2002 ND 16, ¶ 5, 639 N.W.2d 439.

[¶ 19] We have stated that either the prosecution or the defense may elicit evidence of a co-defendant's guilty plea or conviction for the jury to consider in assessing the co-defendant's credibility as a witness, or to show acknowledgment or participation in the offense. *State v. Padgett*, 410 N.W.2d 143, 146 (N.D.1987). The problem with admitting evidence of a co-defendant's guilty plea or conviction is the possibility that the evidence may be used by the jury as proof of the defendant's guilt, rather than as evidence of the co-defendant's credibility. *Id.* In the present case, the danger of Kirvida's testimony being used for improper purposes arguably was limited, because she was called by Bell and was testifying on Bell's behalf.

[¶ 20] The State objected to the introduction of Kirvida's plea agreement, claiming the information was irrelevant. Admissibility of a co-defendant's plea turns on the purpose for which it is offered. *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir.1981). When the purpose is to further the jury's difficult task of evaluating a co-defendant's credibility, the plea evidence is relevant and admissible without reference to the identity of the offering party. *Id.* The court explained how evidence of a co-defendant's plea agreement can be beneficial to the defendant:

It is manifestly apparent that evidence of the plea is relevant to credibility regardless whether government or defendant initiates inquiry about it. For example, the defense may produce a co-defendant as a witness in support of the defendant's case. Then the plea of guilty may be drawn from the witness as

an introduction to the testimony exculpating defendant. Here the evidence of credibility is designed to enhance the witness' helpful testimony, as the witness has taken responsibility for an offense which the defendant denies committing.... There are many ways in which the plea may be tactically used by the defense and skilled counsel will take advantage of any or all of them as judgment determines.

*Id.* at 1004–05.

[¶ 21] The State made no argument that Kirvida's testimony as to the crimes to which she had actually pled guilty was prejudicial, only that it was not relevant. However, the testimony clearly was relevant to the question of Kirvida's credibility, and the trial court abused its discretion in excluding it. When a trial court abuses its discretion by excluding evidence, we must decide if the error was so prejudicial that a defendant's substantial rights were affected and a different decision would have resulted, absent the error. *Randall*, 2002 ND 16, ¶ 20, 639 N.W.2d 439. In deciding whether an error has affected the defendant's substantial rights, we consider the entire record and the probable effect of the error in light of the evidence presented. *Id.*

[¶ 22] Although the trial court erred in excluding Kirvida's testimony of the charges to which she had actually pled guilty, we conclude the error was harmless, given the record in this case. Kirvida testified that all of the marijuana found in the house belonged to her. She indicated Bell had no knowledge of the marijuana she kept in the house. She also testified that the address book and the business card contained calculations for the purchase of the house and other bills for the house. While Kirvida's testimony supported Bell's defense in this case, the State presented ample evidence that supports the jury's verdict finding Bell guilty. The more serious charges originally lodged against Kirvida were at least equally as consistent with her testimony at trial as the reduced charges to which she ultimately entered guilty pleas. We are not convinced that allowing testimony of the plea agreement into evidence would have enhanced Kirvida's credibility enough to result in a different jury verdict.

[¶ 23] While we believe the trial court erred by excluding Kirvida's testimony as to the charges to which she had pled guilty, we fail to see how Bell was significantly prejudiced or how his substantial rights were affected by the exclusion. In light of the evidence presented in the case, the erroneous exclusion of evidence was harmless error.

## IV

[¶ 24] Bell argues the evidence presented at trial was insufficient to support the guilty verdict. Bell maintains that other than the address book and the business card, the only evidence the State offered was that Bell lived at the residence, he admitted to smoking marijuana, and his handwriting was on the address book and business card. Bell contends the jury considered the officers' testimony but failed to consider Kirvida's testimony that the marijuana found in the house belonged to her, not Bell, as well as her testimony that the calculations in the address book and business card involved matters such as home purchases and improvements, not drug transactions.

[¶ 25] This Court's review of the sufficiency of the evidence in a jury verdict is very limited. *State v. Freed*, 1999 ND 185, ¶ 4, 599 N.W.2d 858. In cases involving a defendant's challenge of the sufficiency of the evidence to support a criminal conviction, our standard of review

is well established. We will only reverse a criminal conviction if, "after reviewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational fact finder could have found the defendant guilty beyond a reasonable doubt." *State v. Ebach*, 1999 ND 5, ¶ 24, 589 N.W.2d 566. To successfully challenge the sufficiency of the evidence to sustain a conviction entered on a jury verdict, a defendant must show the evidence, viewed in the light most favorable to the verdict, does not reveal a reasonable inference of guilt. *Freed*, at ¶ 4. The tasks of weighing the evidence and judging the credibility of the witnesses belong to the jury. *Ebach*, at ¶ 24. This Court does not resolve conflicts in the evidence, determine the credibility of witnesses, or re-weigh the evidence. *State v. Trosen*, 547 N.W.2d 735, 737 (N.D.1996). On appeal, we assume the jury believed the evidence supporting the verdict and disbelieved any contrary evidence. *Freed*, at ¶ 4.

[¶ 26] In this case, the evidence presented was sufficient to support the conviction. Law enforcement received anonymous tips alleging drug trafficking activities at Bell's residence. Evidence of drugs was found during a search of garbage outside the home. A subsequent search of the home produced large amounts of marijuana packaged for resale and drug paraphernalia. The officers found an address book and a business card containing evidence of drug transactions. The address book and business card were found in a common room in the house and were written in Bell's handwriting. Bell and Kirvida's testimony asserting that the calculations in the address book and business card involved home purchase and improvements was inconsistent at times and could easily have been found by the jury to be incredible.

[¶ 27] Viewed in a light most favorable to the verdict, we conclude there was substantial evidence in the record to support Bell's conviction of possession of a controlled substance with intent to deliver.

V

[¶ 28] Bell argues he was denied effective assistance of counsel because his attorney failed to request an affirmative defense jury instruction as allowed in *State v. Michlitsch*, 438 N.W.2d 175 (N.D.1989). According to Bell, if the jury had received the instruction, there is a reasonable probability that he would not have been found guilty on the possession with the intent to deliver charge. The performance of his trial counsel was therefore deficient and prejudiced his case.

[¶ 29] In a claim of ineffective assistance of counsel, the United States Supreme Court has set forth a two-pronged analysis requiring a defendant to establish two elements: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance was deficient, we will consider all circumstances and decide whether there were errors so serious that defendant was not accorded that "counsel" guaranteed by the Sixth Amendment. *Mathre v. State*, 2000 ND 201, ¶ 3, 619 N.W.2d 627. Generally, a claim of ineffective assistance of counsel should be presented in a post-conviction relief proceeding, rather than on direct appeal, so the parties can fully develop a record. *State v. Palmer*, 2002 ND 5, ¶ 12, 638 N.W.2d 18. However, when ineffective assistance of counsel is argued on direct appeal, we will review the record to decide if the assistance of counsel was plainly defective. *Id.*

[¶ 30] Bell argues he was denied effective assistance of counsel because his attorney failed to request an affirmative defense jury instruction as allowed in *State v. Michlitsch*, 438 N.W.2d 175 (N.D.1989) (holding the jury may be instructed that if the accused affirmatively established that he possessed the controlled substance either unwittingly or without knowledge, the jury may find him not guilty of the charge of possession of a controlled substance with intent to deliver). Bell was charged with possession of a controlled substance with intent to deliver in violation of N.D.C.C. § 19–03.1–23(1). In 1989, the Legislative Assembly amended N.D.C.C. § 19–03.1–23(1) to include the culpability requirement of "willfully" as an element of the offense. 1989 N.D. Sess. Laws ch. 267, § 1. Under N.D.C.C. § 12.1–02–02(e), a person engages in conduct willfully "if he engages in the conduct intentionally, knowingly, or recklessly." Before the legislative amendment, this Court held possession with intent to deliver was a strict liability offense, and a defendant could be entitled to an affirmative defense instruction, if the evidence warranted and the defendant requested the instruction. *Michlitsch*, 438 N.W.2d at 177. However, N.D.C.C. § 19–03.1–23(1), as amended in 1989, now provides: "it is unlawful for any person to *willfully, as defined in section 12.1–02–02*, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." (Emphasis added.) The offense in Bell's case is no longer a strict liability offense, therefore, *Michlitsch* no longer applies to crimes charged under N.D.C.C. § 19–03.1–23(1).

[¶ 31] The trial court properly instructed the jury as to the essential elements of the offense of possession of a controlled substance with intent to deliver. Because the *Michlitsch* affirmative defense instruction no longer applies to this offense, it could not have been ineffective assistance of counsel for his attorney not to have requested the instruction. Bell has failed to establish the first element, deficient performance, required to show ineffective assistance of counsel.

## VI

[¶ 32] The judgment of conviction is affirmed.

[¶ 33] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.