2004 ND 90

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Darin TWEETEN, Defendant and Appellee.**

**No. 20030151.**

Supreme Court of North Dakota.

May 5, 2004.

Brandi Sasse Russell, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant.

Wayne D. Goter of Goter Law Office, Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   The State appeals from an Order of Dismissal of Information with Prejudice. We reverse the district court ruling and remand for further proceedings.

I.

[¶ 2]   On December 10, 2002, Darin Tweeten was served with criminal information alleging he committed felony child abuse and neglect of his minor child.  The trial was originally set for May 28, 2003. On May 27, 2003, the district court contacted the State's Attorney's office and notified it that scheduling conflicts necessitated the trial be moved to May 29, 2003. The State released its witnesses.  The district court moved the trial to May 29, 2003, and notified the parties.   The State informed the district court it could not comply with the May 29, 2003, trial date.

[¶ 3]   Subpoenas issued to the State's witnesses specified the date and time set for trial as May 28, 2003.   Some of the witnesses were members of Tweeten's family and uncooperative.   Upon notification that the trial would have to be moved, the State moved the district court to reconsider its scheduling.  The State notified the district court it was unable to re-issue subpoenas to the witnesses for May 29, 2003, because the sheriff could not deliver the subpoenas in such a short time.   In addition to the difficulty in re-issuing subpoenas to the witnesses, the State informed the district court there were no State's Attorneys available on May 29, 2003, to present the case due to other hearings and court obligations.   The district court denied the motion to reconsider on May 28, 2003, and notified the State it would conduct the trial on May 29, 2003.

[¶ 4]   On May 28, 2003, after the district court's denial of the original motion to reconsider, the State filed a motion to dismiss the charges without prejudice so the State could drop the charges and recharge the defendant at a later date.   On May 28, 2003, the district court denied the motion to dismiss and the district court informed the State it would only dismiss

the charges with prejudice. Upon the district court's denial of the motion to dismiss without prejudice, the State requested a supervisory writ to this Court on May 29, 2003, for a ruling on the issue. This Court did not take any action on the State's petition for supervision.

[¶ 5] On May 29, 2003, the State refused to proceed at trial due to the premature release of its witnesses. The district court granted the defendant's request and dismissed the case with prejudice. The State filed this appeal.

## II.

[¶ 6] The State contends it was an abuse of discretion for the court to dismiss the case with prejudice as a sanction for the state being unable to proceed on the rescheduled court date. Dismissal of a criminal case is governed by N.D.R.Crim.P. 48, which provides:

(a) By Prosecuting Attorney. No criminal case pending in any court shall be dismissed by any prosecuting attorney except upon motion and with the court's approval. Such a motion shall be supported by a written statement concisely stating the reasons for the motion. The statement shall be filed with the record of the case and be open to public inspection. A dismissal may not be ordered during the trial without the defendant's consent.

(b) By the Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information, or complaint.

Although North Dakota's Rule 48 follows Fed.R.Crim.P. 48, it was adapted from Rule 48 of Colorado Rules of Criminal Procedure (1964). N.D.R.Crim.P. 48 (explanatory note). Accordingly, this Court has previously looked to Colorado for guidance. *State v. Graff,* 484 N.W.2d 855, 858 (N.D.1992).

[¶ 7] A district court's dismissal with prejudice is reviewed for an abuse of discretion. *People v. Lichtenstein,* 630 P.2d 70, 72 (Colo.1981). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable way. *Healy v. Healy,* 397 N.W.2d 71, 75 (N.D.1986). At common law, the general rule was that a prosecuting attorney had full discretion to determine whether it would prosecute a criminal case. *Graff,* at 858 (citing *United States v. Ammidown,* 497 F.2d 615, 620 (D.C.Cir.1973)). However, with the introduction of the federal rule and similar state rules, courts have some supervisory power over the prosecution of a case. *Lichtenstein,* at 72–73.

[¶ 8] "Generally, the prosecuting attorney is considered to be in the best position to evaluate the charges and the evidence to determine if prosecution should continue." *Graff,* at 858 (citing *United States v. Salinas,* 693 F.2d 348, 350 (5th Cir.1982)). The prosecutor is presumed to be acting in good faith when requesting a dismissal. *Graff,* at 858. A prosecutor's decision to move forward with charges is not absolute but is subject to review by the district court. *See Graff,* at 858; *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n,* 228 F.Supp. 483, 486 (S.D.N.Y.1964) (explaining the rule exists to prevent abuse).

[¶ 9] Although the district court has some supervisory control over dismissals, the district court should not dismiss a case with prejudice unless the court has had an opportunity to determine issues of bad faith, harassment, or misconduct. *Graff,* at 859. In *Graff,* the prosecution

was unwilling to move forward because one of the witnesses was found to be unreliable and the defendant had recently disclosed an alibi witness. *Id.* at 856. The State requested the district court dismiss the case without prejudice so that the prosecution could bring charges at a later date. *Id.* The district court denied the motion and the State appealed to the North Dakota Supreme Court for a supervisory writ. *Id.* This Court determined that even though the transcript indicated a potential basis for harassment, the district court should have held a hearing or made explicit findings to determine whether the State's request to dismiss without prejudice was made in bad faith. *Id.* at 859.

[¶ 10] A finding of harassment would justify a dismissal with prejudice; however, the finding of harassment must be clearly supported with clear and convincing evidence. *Graff,* at 858. In this case, the district court did not make any specific findings about whether there was bad faith or harassment on the part of the prosecution. The transcript of a conference in chambers provides the basis for the motion to dismiss:

THE COURT: Miss Russell, are you prepared to start picking the jury?

MS. RUSSELL: As I indicated, the State is not prepared to continue in this matter at this time.

THE COURT: You are not going to proceed at 9:00 o'clock when we have the jury?

MS. RUSSELL: We cannot proceed at this time.

THE COURT: You are not going to proceed is that it?

MS. RUSSELL: What I am saying is that we can't because our witnesses are not present at this time.

THE COURT: Why aren't they?

MS. RUSSELL: Because we were [unable]—

THE COURT: Did you try to call any of them?

MS. RUSSELL: Yes, we did, Your Honor.

THE COURT: Do you have some record of calling these people? Who wouldn't appear, Miss Russell? Would you place that on the record?

MS. RUSSELL: That I haven't had actual voice contact with these people.

THE COURT: Do you make personal voice contact or do you allow a secretary to do that?

MS. RUSSELL: Generally both.

THE COURT: What would happen in this case?

MS. RUSSELL: Generally both. Generally our secretary would call and cancel the witnesses and we would get the subpoena to re-subpoena.

THE COURT: Why did she cancel the witnesses in this case when they knew they were due for the second? Why? Why do you have to reserve [a] new subpoena? I don't understand that? Why isn't a subpoena good until they're released from the subpoena?

MS. RUSSELL: It's my understanding it's for that date.

THE COURT: What happened for that day? Is there some case law that you know that a subpoena is only good for the day that you subpoena them to come?

MS. RUSSELL: I guess that's just been the practice that it's on that date. That's what one would assume.

THE COURT: They weren't required to show up yesterday. Apparently there was messages left that the trial was being cancelled for that date and time so in other words you released the people from the subpoena.

MS. RUSSELL: That's correct.

THE COURT: Voluntarily. The State did that voluntarily?

MS. RUSSELL: Once we were notified that there was not going to be a trial on that date.

THE COURT: That is you were notified the trial was the next day, correct. But no you don't [have to] re-subpoena. Show me some case law that says—

MS. RUSSELL: I guess my understanding is if there was no subpoena re-issued we could.

THE COURT: Actually, if they did—if they when they showed up couldn't you hand them another subpoena, counsel?

MS. RUSSELL: I would submit that's misuse of process.

THE COURT: The Judge has moved the trial date. Why is that a misuse?

MS. RUSSELL: Because we are having them appear for a time.

THE COURT: And then you can cite me for ethically violating my standards instead of worrying about you misusing process. You can blame it on the Judge. You people are looking for an excuse and that's all for letting your secretary release people when you had nothing to do with it. You have someone out in the secretarial office who makes the decisions for the State's Attorney's office. That's what you have and I don't think you released any of them personally.

MS. RUSSELL: I personally did not release any of these.

THE COURT: We will close the record. I will expect you down there in two minutes. If you are not going I will honor whatever motion it is that Mr. Goter wishes to make.

[¶ 11] At the start of the trial, the State did not appear and Tweeten's attorney made a motion to dismiss the case with prejudice. The district court granted the motion.

[¶ 12] Tweeten argues *Graff* is inapplicable to the one at bar, because it was an application for a writ, rather than an appeal from an actual dismissal with prejudice. We fail to see the distinction.

[¶ 13] The rule from *Graff* is still applicable to the current case, because Tweeten argues the State is acting in bad faith with an intent to harass the defendant. This Court's ruling in *Graff* was that a dismissal with prejudice should only be used in extraordinary cases where the district court has clearly found evidence of prosecutorial abuse. No such finding has been made in this case nor has prosecutorial abuse been demonstrated by clear and convincing evidence.

[¶ 14] In *State v. Bolen*, 270 Kan. 337, 13 P.3d 1270 (2000), the Kansas Supreme Court held a trial court may only dismiss a case with prejudice when interests of justice require such action. *Bolen*, at 1274. In *Bolen*, the prosecutor refused to comply with a court discovery order. *Id.* at 1271. The trial court then dismissed the charges with prejudice as a sanction for the State being unable to proceed. *Id.* at 1272. The Kansas court held such power should be exercised with great caution and only in cases where dismissal was the only remedy to protect against prosecutorial abuse. *Id.* at 1274. The *Bolen* court warned that dismissal with prejudice may serve to punish the public and provide a windfall for the defendant. *Id.* (citing *State v. Davis*, 266 Kan. 638, 972 P.2d 1099 (1999)). It is an abuse of discretion to dismiss a case with prejudice when there has been no showing of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exist. *Bolen*, at 1274.

[¶ 15] Tweeten argues *Bolen* is distinguishable from this case because the dismissal in *Bolen* occurred during the pre-

trial stages at a suppression hearing. Tweeten argues allowing the prosecution to re-enter charges and force the defendant to repeat the booking and pretrial processes would cause a burden and constitute harassment. Tweeten argues there is a basis for harassment and prosecutorial misconduct. We disagree. No finding of harassment, abuse, or prosecutorial misconduct was made by the district court at any time prior to its dismissal of the charges with prejudice.

[¶ 16] Dismissal with prejudice is a remedy that should only be used in extreme circumstances. *Bolen,* at 1274. The district court did not make a finding of harassment or prosecutorial misconduct as required by case law. *State v. Graff,* 484 N.W.2d 855, 858 (N.D.1992). The district court's dismissal of the case was an abuse of discretion because the court did not make the requisite finding of bad faith or harassment on the part of the prosecution by clear and convincing evidence.

[¶ 17] This opinion is not intended to condone the State's failure to cooperate with the district court on scheduling. Attorneys should be prepared to re-schedule trials on short notice; however, under these circumstances there was no determination by the district court that the State had acted in bad faith. Absent a finding of prosecutorial misconduct, a district court's dismissal of a case with prejudice constitutes an abuse of discretion.

[¶ 18] We reverse the district court ruling and remand for further proceedings.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 20] As I understand the majority opinion, it reverses solely because the district court did not make an explicit finding of bad faith on the part of Burleigh County State's Attorney Richard Riha, his Assistant State's Attorney Brandi Sasse Russell, or the Burleigh County State's Attorney's secretarial staff (collectively, "the state's attorney").

[¶ 21] The majority opinion obscures the facts, making the state's attorney's misconduct appear less egregious than it appears on the face of the record.

[¶ 22] The record reflects this is not a case in which the state's attorney could not secure the presence of the state's witnesses. This is a case in which the state's attorney chose not to secure the presence of the state's witnesses. The witnesses were all under subpoena to appear at the Burleigh County Courthouse on the day of the original trial—the day before the rescheduled trial. As the district court pointed out to the state's attorney, any witnesses who were not served with a new subpoena "in the field" could have been served with a new subpoena when they appeared at the courthouse on the originally scheduled trial day. Instead, the state's attorney contacted the witnesses and told them they did not have to appear. The state's attorney has asserted that subpoenaing witnesses in this manner would be unethical, but has presented no authority either to the district court or to this Court to support the assertion.

[¶ 23] In addition, after the in-chambers hearing, the district court directed the attorneys to proceed directly to the courtroom. The state's attorney failed to appear, and the district court dismissed the case with prejudice.

[¶ 24] The United States Court of Appeals for the Fourth Circuit appears to suggest that an explicit finding of bad faith may not be required. "The court did not, however, find that the government had acted in bad faith, *nor does the record*

*indicate a basis for such a finding.* Accordingly, we conclude that the district court abused its discretion in turning aside the government's Rule 48(a) motion and inviting a motion to dismiss from the defendant...." *United States v. Goodson,* 204 F.3d 508, 513 (4th Cir.2000) (emphasis added).

[¶ 25]   Although I believe a strong case can be made that the record here reflects bad faith and willful misconduct by the state's attorney, I believe the better practice is for the district court to make an explicit finding.

[¶ 26]   The Court of Appeals noted in *Goodson:*

> Under both Rule 48(b) and its supervisory power, a district court has broad discretion to manage its docket and to impose a wide range of sanctions against parties who violate the court's scheduling orders.  The sanction of dismissal *with prejudice,* however, is a harsh remedy for enforcement of those powers, and, indeed, its use becomes a significant event.  For in dismissing ... with prejudice, the court allows its interest in the orderly administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law.

*Id.* at 514 (citations omitted).

[¶ 27]   I concur in the result, somewhat reassured by the district court's ability to make an explicit finding of bad faith where appropriate and to impose a "wide range of sanctions" if the problem recurs in the future.

[¶ 28]   I understand the further proceedings on remand are that the district court is to enter an order dismissing without prejudice—the remedy requested by the state's attorney.  As provided in *State ex rel. Koppy v. Graff,* 484 N.W.2d 855, 859 (N.D.1992), reinstated criminal proceedings would be subject to an evidentiary hearing on the issues of bad faith or misconduct by the state's attorney.

[¶ 29]   DALE V. SANDSTROM