2012 ND 113

**STATE of North Dakota,**

v.

**Vicente CHACANO, Defendant and Appellant.**

**No. 20110218.**

Supreme Court of North Dakota.

June 7, 2012.

Jonathan R. Byers (argued), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for plaintiff and appellee.

Kevin McCabe (argued), Office of Public Defender, Dickinson, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]  Vicente Chacano appeals a district court criminal judgment entered after a jury convicted him of two counts of gross sexual imposition.  Chacano argues both counts of gross sexual imposition should be dismissed.  We affirm.

I

[¶ 2]  On September 11, 2008, Chacano was charged with two counts of gross sexual imposition for having sexual contact with a victim less than fifteen years old.  On September 15, 2008, Chacano was charged with three additional counts of gross sexual imposition for conduct involving the same victim.  On September 24, 2008, the State moved to dismiss one count in the first complaint because the same charge was included in the second complaint.  The district court granted the motion.  On October 2, 2008, the district court held a preliminary hearing on the charges in both complaints.  The district court found probable cause to bind over Chacano for trial, and the State filed an information for each case.  On January 15, 2009, the Adams County State's Attorney moved to dismiss all charges against Chacano.  The motion included the written statement: "To prevent a possible miscarriage of justice a further investigation is necessary."  Chacano did not object to the dismissal.  The district court granted the motion and dismissed all charges without prejudice.

[¶ 3]  On January 7, 2010, an assistant attorney general filed a complaint charging Chacano with three counts of gross sexual imposition for conduct involving the same victim and the same time period as the 2008 charges.  On April 5, 2010, the dis-

trict court held a preliminary hearing on the 2010 charges. The district court found probable cause to bind over Chacano for trial, and the State filed an information. On May 17, 2010, Chacano moved to dismiss the charges "on the grounds that contrary to the State of North Dakota's representations to [the district court judge] and Defendant no 'further investigation' of the case has been conducted since January 15, 2009 and Defendant is prejudiced by the State of North Dakota['s] failure to honor [its] representation and the refiling of the charges." After a hearing, the district court denied the motion to dismiss. On February 1, 2011, Chacano was tried by a jury. The jury found Chacano guilty of two counts of gross sexual imposition and not guilty of one count of gross sexual imposition.

## II

[¶ 4] Chacano argues that under N.D.R.Crim.P. 48(a), the State was required to conduct further investigation before refiling the charges. Chacano argues that because the State recharged Chacano without further investigation, his conviction should be reversed and this case should be dismissed. The State responds that Chacano failed to preserve the issue for review because he did not object to the State's motion to dismiss the 2008 charges. The State further responds no further investigation was required because the 2008 charges were dismissed without prejudice.

■■■ [¶ 5] Rule 48, N.D.R.Crim.P., was adapted from the federal rule, and we have relied on federal cases interpreting the rule for guidance. N.D.R.Crim.P. 48 Explanatory Note; *State ex rel. Koppy v. Graff,* 484 N.W.2d 855, 858 (N.D.1992). Rule 48(a) allows a prosecuting attorney to request the court's approval to dismiss a criminal charge by filing a motion to dismiss "supported by a written statement

concisely stating the reasons for the motion." The prosecuting attorney generally is in the best position to determine if a criminal case should be dismissed. *Graff,* at 858. The purpose of requiring the court's consent to dismissal is "to prevent harassment of a defendant by charging, dismissing and recharging without placing a defendant in jeopardy." N.D.R.Crim.P. 48 Explanatory Note. The prosecutor "is entitled to a presumption of good faith when requesting a dismissal[,]" and a district court should grant dismissal except upon clear and convincing evidence that "the prosecutor is acting in bad faith, contrary to public interest, or intentionally harassing the defendant." *Graff,* at 858.

### A

■■■ [¶ 6] We first address the State's argument that Chacano failed to preserve his argument for appeal. "A touchstone for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court, so the trial court could intelligently rule on it." *State v. Bell,* 2002 ND 130, ¶ 9, 649 N.W.2d 243. We generally will not consider questions not raised in the district court and presented for the first time on appeal. *Id.*

■■■ [¶ 7] When criminal charges are dismissed under Rule 48(a), a defendant arguing the government acted for an improper purpose ordinarily must object both when the government files its motion to dismiss and when the charges are refiled. *United States v. Reyes,* 102 F.3d 1361, 1367 (5th Cir.1996). "[I]f a defendant, without justification, does not contest dismissal the presumption of good faith permits the court to dismiss without prejudice and the defendant waives his right to later object to the government's motives." *Id.* (quoting *United States v. Welborn,* 849 F.2d 980, 985 (5th Cir.1988)).

[¶ 8] Chacano did not object when the State moved to dismiss the 2008 charges. However, Chacano does not argue the State dismissed the charges to harass Chacano or for any other improper purpose. Rather, Chacano concedes the 2008 charges were properly dismissed but argues the State failed to comply with N.D.R.Crim.P. 48(a) by refiling the charges without conducting further investigation. Chacano raised the issue in the district court by filing his pretrial motion to dismiss the 2010 charges. Therefore, Chacano preserved the issue for appeal.

B

[¶ 9] We next consider whether N.D.R.Crim.P. 48(a) required the State to conduct further investigation before refiling the charges against Chacano. For purposes of our decision, we accept Chacano's premise that no further investigation was conducted. However, we note the State's disagreement with Chacano's claim.

[¶ 10] The interpretation of a court rule or a statute is a question of law that we review de novo. *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350. "When we interpret a rule or a statute, we apply the rules of statutory construction and look at the language of the rule or statute to determine its meaning." *Id.*

[¶ 11] Rule 48(a), N.D.R.Crim.P., provides:

"(a) By Prosecuting Attorney. The prosecuting attorney may not dismiss an indictment, information or complaint except on motion and with the court's approval. A motion to dismiss must be supported by a written statement concisely stating the reasons for the motion. The statement must be filed with the clerk and be open to public inspection. The prosecuting attorney may not dis-

miss a criminal case during trial without the defendant's consent."

The plain language of Rule 48(a) applies to the dismissal of a criminal charge and does not require the prosecuting attorney to take any specific action before a charge dismissed without prejudice can be refiled. In this case, a state's attorney determined he did not have sufficient evidence to proceed on the 2008 charges and moved to dismiss. The district court granted the motion and dismissed the 2008 charges without prejudice. A criminal charge dismissed without prejudice may be refiled within the applicable statutory period. *State v. Jones*, 2002 ND 193, ¶ 23, 653 N.W.2d 668. After the 2008 charges were dismissed, an assistant attorney general reviewed the file, determined sufficient evidence existed to proceed and filed the 2010 charges. *See* N.D.C.C. § 54–12–02 (attorney general and assistants authorized to institute and prosecute all cases when, in their judgment, it is state's best interest to do so). Rule 48(a), N.D.R.Crim.P., did not require the assistant attorney general to conduct further investigation before recharging Chacano with gross sexual imposition.

III

[¶ 12] We affirm the district court's criminal judgment.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ, concur.