# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 127

State of North Dakota,                                    Plaintiff and Appellant

v.

Bradley Alan Graff,                                      Defendant and Appellee

### No. 20220348

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Anna A. Argenti, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant; submitted on brief.

Justin M. Balzer, Bismarck, ND, for defendant and appellee.

# State v. Graff
## No. 20220348

**Jensen, Chief Justice.**

[¶1]   The State appeals from a district court's criminal judgment dismissing with prejudice a charge of gross sexual imposition against Bradley Graff. Because the district court did not provide adequate findings to support a dismissal of the charge with prejudice, we reverse the district court's judgment and remand.

I

[¶2]   Graff was charged with gross sexual imposition involving a victim under the age of 15, a class AA felony, in violation of N.D.C.C. § 12.1-20-03(1)(d). The State requested a continuance of the trial date explaining that a material witness was unavailable due to active military leave. The district court granted the request, and the trial was rescheduled. Defense counsel requested a second continuance. The court granted the request, and the trial was again rescheduled. The State requested a third continuance, the State's second request. Graff asserted his right to a speedy trial, objected to the State's second request to reset the trial, and motioned for dismissal based upon a violation of North Dakota Criminal Procedure Rule 48(b)(4) because he alleged the State's request resulted in "unnecessary delay." A status conference was held, during which the State called two witnesses to testify to the delay. The State explained the victim's guardian was no longer cooperating in getting the victim from Wisconsin to Bismarck to testify, but that steps were being taken that assured the victim's presence at trial. The court found the reasons for the continuance constituted good cause, were unavoidable, and denied Graff's motion to dismiss. The court rescheduled the trial.

[¶3]   Prior to trial, the district court also granted a motion in limine finding that Graff's prior convictions and status as a sex offender would be considered inadmissible evidence at trial. On the first day of trial the State called a detective to testify to an interview conducted with Graff. During direct examination by the State, the following exchange occurred:

1

Q. . . . Did [Graff] admit knowing [the victim's mother]?

A. Yes, he admitted to knowing [her] and her two children, specifically the victim[.]

Q. . . . Did he admit being around those children?

A. Yes, eventually he did. Throughout the course of the interview, Mr. Graff showed many signs of deception or being dishonest. At the beginning of the interview he had claimed to have been around the kids, but it was only when the mother was around to supervise.

Later in the interview when I kind of pointed out some of his deceptive tendencies, he later admitted to lying about that and that the kids had stayed over at his residence without the mother being there. He had claimed there was another adult in the house, but that was never able to be verified.

Q. How did he explain lying about [her] children?

A. He stated he had done so to protect the mother so she wouldn't get in trouble because of his past.

[Defense counsel]: Objection. Your Honor, can we approach?

Defense counsel objected to the detective's answer asserting it violated the motion in limine order by referencing Graff's criminal convictions. Defense counsel argued that by indicating the mother could get in trouble if he were to be around her children without supervision, the jury would conclude Graff was not legally allowed to be near children due to certain criminal acts that occurred in his past. Defense counsel moved to dismiss with prejudice arguing "Mr. Graff has been in jail for over a year at this point. We're just going to delay this again. I don't think that's fair to Mr. Graff." The court granted a mistrial, and then dismissed the information with prejudice. Graff was immediately released from custody. The State appealed the court's dismissal with prejudice.

## II

[¶4] This Court reviews a district court's decision to dismiss a criminal case with prejudice for an abuse of discretion. *State v. Ferrie*, 2008 ND 170, ¶ 6, 755 N.W.2d 890. "An abuse of discretion may occur when the district court misinterprets or misapplies the law, or when the district court acts in an arbitrary, unreasonable, or capricious manner." *State v. Tyler*, 2019 ND 246, ¶ 5, 933 N.W.2d 918. The court "must have a sufficient legal basis to dismiss a criminal charge." *Ferrie*, at ¶ 7. Generally, "[d]ismissal with prejudice is a remedy that should only be used in extreme circumstances." *State v. Tweeten*, 2004 ND 90, ¶ 16, 679 N.W.2d 287. "Although the district court has some supervisory control over dismissals, the district court should not dismiss a case with prejudice unless the court has had an opportunity to determine issues of bad faith, harassment, or misconduct." *Id.* at ¶ 9 (citing *State v. Graff*, 484 N.W.2d 855, 859 (N.D. 1992)). A court must make a finding of bad faith, harassment, or prosecutorial misconduct, and this finding must be supported by clear and convincing evidence. *Id.* at ¶¶ 10, 16 (citing *Graff*, at 858).

[¶5] Additionally, a district court must provide the State with notice, an opportunity to respond, and must consider lesser alternative sanctions to dismissal with prejudice before making that determination. *See City of Jamestown v. Snellman*, 1998 ND 200, ¶¶ 12-14, 586 N.W.2d 494 (finding the court abused its discretion by failing to mention what specific rule or statute the State violated, and by dismissing sua sponte without notice, an opportunity to respond, or consideration of lesser alternative sanctions). Furthermore, not every error made by the State is sufficient to justify dismissing a case with prejudice. *See State v. Erickson*, 2011 ND 49, ¶ 17, 795 N.W.2d 375 (finding the court abused its discretion by dismissing a criminal complaint when the State provided an incorrect criminal history for the defendant). *See also State v. Bolen*, 13 P.3d 1270, 1274 (Kan. 2000) (cited to favorably in *Tweeten*, 2004 ND 90, ¶ 14) ("It is an abuse of discretion to dismiss a case with prejudice when there has been no showing of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exist.").

[¶6]   The State has not appealed the district court's decision to grant a mistrial. Rather, the State argues the court abused its discretion by dismissing the charge with prejudice because it did not properly determine the State acted in bad faith, harassment, or misconduct, and did not discuss lesser alternative sanctions to dismissal with prejudice.

[¶7]   In granting a mistrial and dismissing with prejudice, the district court provided the following reasoning on record:

> So as much as I do not like to see the process end this way and I do believe that a fair and full trial on the merits should occur, the Court doesn't see any way for that to happen with this jury. The jury would have no ability to put that aside in their minds given the weight of what that carries, that conclusion carries; that Mr. Graff was not supposed to be around children.
>
> Given that, the Court is granting the defendant's motion for a mistrial in this matter. I am granting it also with prejudice, because there was a clear motion in limine that said there is to be no discussion of previous convictions. It didn't say allusions, but that is understood by counsel for both sides, that that means no dancing around the issue, either. It is very clear, especially in an issue of this gravity that that cannot be addressed, period.
>
> And I clearly put that on record this morning, whether each witness had been briefed that they were not to raise any issues related to a sex offender history, related to his status. That includes not being able to be around children. I mistakenly understood that counsel would understand that's part of the deal, that he should not have any inference that he cannot be around children as well.
>
> The Court would also like to put on record that this has been a trying case from the State's perspective. I understand that managing witnesses is a difficult issue, but there have also been other issues that have increased the time that Mr. Graff has spent in custody in this matter. I do not believe it fair to continue that at this time, and I will grant a motion for a mistrial with prejudice.

4

Ms. Argenti, anything else you'd like to place on the record today?

Ms. Argenti: No.

The court's oral findings were accompanied by a criminal judgment dismissing the charge with prejudice.

[¶8] The record provides sufficient reasoning as to why the district court granted a mistrial—because it would be impossible for the impaneled jury to put aside the reference to Graff's past such that he would be able to receive a fair trial. The record also reveals the court provided brief notice to the State that it planned to dismiss with prejudice, and then asked the State if it wanted to place anything more on the record—to which the State declined.

[¶9] However, the district court did not make a specific finding the State acted in bad faith, with harassment, or prosecutorial misconduct, nor did it discuss whether lesser alternative sanctions were available or appropriate before ordering the charge to be dismissed with prejudice. It is unclear whether the court dismissed the charge with prejudice due to the State's violation of the motion in limine order, or based upon a violation of some other right, statute, or rule. For example, if the court dismissed due to a violation of Graff's right to a speedy trial, the court would have been required to conduct the required analysis for such a violation. It is also unclear whether the court dismissed with prejudice because the State acted in bad faith, with harassment, or with prosecutorial misconduct. The court did not explain whether its decision to dismiss with prejudice was a sanction due to the State's misconduct, nor did it consider lesser alternative sanctions aside from dismissal with prejudice.

[¶10] The district court was required to follow our prior decisions in *Tweeten*, *Graff*, and *Snellman*, and provide findings supporting the dismissal with prejudice. We conclude the court's findings are inadequate to support a review of the dismissal of the charge against Graff with prejudice. "When we cannot discern the court's rationale, reversal of its decision and remand of the case is appropriate." *Quamme v. Quamme*, 2021 ND 208, ¶ 16, 967 N.W.2d 452. We reverse and remand this case to the district court to determine, with clear and

convincing evidence, whether the State acted in bad faith, harassment, or prosecutorial misconduct, and whether lesser sanctions exist and are appropriate alternatives to dismissal with prejudice. We decline to address the speedy trial issue raised by the State as we find it unnecessary to our decision.

## III

[¶11] The district court failed to make a finding of bad faith, harassment, or prosecutorial misconduct on behalf of the State using clear and convincing evidence. The court also misapplied the law by not considering lesser sanctions to dismissal with prejudice, and not determining why those sanctions were not available or were not appropriate in this case. We reverse and remand for further findings consistent with this opinion.

[¶12] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr